423 So.2d 433 (1982)
SYSTEM DEVELOPMENT CORPORATION, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, State of Florida, Appellee, and
EDS Federal Corporation, Intervenor.
No. AO-356.
District Court of Appeal of Florida, First District.
November 29, 1982.
Bernard Fried, Santa Monica, Cal., and F. Alan Cummings and John Radey, of Holland & Knight, Tallahassee, for appellant.
Robert A. Weiss, Medicaid Staff Counsel, Dept. of Health and Rehabilitative Services, Tallahassee, and M. Stephen Turner, of Culpepper, Beatty & Turner, Tallahassee, for appellee.
Richard E. Benton and David L. Cook, of Young, van Assenderp, Varnadoe & Benton, P.A., Tallahassee, and Claude Chappelear, *434 EDS Federal Corporation, Dallas, Tex., for intervenor.
WIGGINTON, Judge.
The System Development Corporation (SDC) appeals the final order of the Department of Health and Rehabilitative Services (HRS) substantially adopting the recommended order of the hearing officer and awarding the contract to administer the Florida Medicaid Management Information System (FMMIS) to appellee EDS Federal Corporation. The hearing officer concluded, inter alia, that the EDS offer was responsive to the HRS Request for Proposals (RFP) and nothing had occurred to give EDS any unfair competitive advantage over other offerors. We affirm.
Pertinent to this appeal is an understanding of the nature of the RFP procedure. The statutory provision governing the procurement of contractual services in this instance is Section 287.057(3), Florida Statutes (1981), as amended by Chapter 82-196, Laws of Florida. Under that provision, where, as here, an agency determines that the use of competitive sealed bidding, i.e., an Invitation for Bids (IFB), is not practicable and it is incapable of specifically defining the scope of the work required, contractual services shall be procured by an RFP. Section 287.057(3), as amended, states:
A request for proposals which includes a statement of the services sought and all contractual terms and conditions applicable to the procurement of contractual services, including the criteria, which shall include, but need not be limited to, price, to be used in determining acceptability of the proposal shall be issued ... To assure full understanding of and responsiveness to the solicitation requirements, discussions may be conducted with qualified offerors. Said offerors shall be accorded fair and equal treatment prior to the submittal date specified in the request for proposals with respect to any opportunity for discussion and revision of proposals. The award shall be made to the responsible offeror whose proposal is determined in writing to be the most advantageous to the state taking into consideration price and the other criteria set forth in the request for proposals ...
Implicit in the definition of an RFP is the underlying rationale that, in some types of competitive procurement, the agency may desire an ultimate goal but cannot specifically tell the offerors how to perform toward achieving that goal; thus, a ready distinction arises between an RFP and an IFB. Typically, an IFB is rigid and identifies the solution to the problem. By definition, the invitation specifically defines the scope of the work required by soliciting bids responsive to the detailed plans and specifications set forth. Section 287.057(1)(a) and (2), as amended. On the contrary, an RFP is flexible, identifies the problem, and requests a solution. Consideration of a response to an IFB is controlled by cost, that is, the lowest and best bid, whereas consideration of an offer to an RFP is controlled by technical excellence as well as cost.[1]
Nothing in the instant RFP precluded an offeror from proposing or suggesting innovations or improvements to the FMMIS. We see from the record that companies making competitive proposals in the field of systems procurement regularly suggest technologically innovative approaches. Moreover, the RFP process contemplates that offerors will address the problem with creativity and will utilize advanced state-of-the-art equipment and processes.
We are constrained to review the agency's decision under these circumstances only so far as to determine whether the decision was arbitrary, capricious or beyond the scope of its discretion, which discretion is very broad:
So long as a public agency acts in good faith, even though they may reach a conclusion on facts upon which reasonable men may differ, the courts will not generally interfere with their judgment, even though the decision reached may *435 appear to some persons to be erroneous. Volume Services Division v. Canteen Corp., 369 So.2d 391, 395 (Fla. 2d DCA 1979).
SDC has not demonstrated that HRS acted in bad faith or irrationally. Nor have they shown that the EDS proposed enhancements to the FMMIS accorded EDS a palpable economic advantage over the other offerors, where all the offerors were given the same opportunity to be innovative. Liberty County v. Baxter's Asphalt & Concrete, Inc., 421 So.2d 505 (Fla. 1982). Although Liberty County specifically dealt with the IFB procedure, fair economic competition is likewise a hallmark of proposals submitted pursuant to an RFP.
HRS's conclusion that the proposed enhancements did not constitute material irregularities is supported by competent substantial evidence and we affirm. The other points raised by SDC were not raised or litigated before the hearing officer and SDC may not now argue these issues on appeal.
SHAW and JOANOS, JJ., concur.
NOTES
[1] IBM v. Department of General Services and Department of Highway Safety and Motor Vehicles, 11 FAR 140, DOAH Case No. 79-078 (1979).