BASKIN, Judge.
Valle-Axelberd appeals the trial court’s denial of injunctive relief, contending that as the lowest bidder it should have been awarded the contract for psychological screening devices for police applicants. Dade County had advertised for bids and, after evaluating the two lowest bidders and finding it impractical to divide the contract between them, awarded the contract to the second lowest bidder, Psychological Resources/Psychological Associates of Miami. The county preferred the second lowest bidder because it did not employ the Minnesota Multiphasic Personality Inventory (MMPI) *607 test. That test became suspect when witnesses testified that it was perceived by the community to be racially skewed.
We reject appellees’ argument that the contract involved professional services which were not required to be bid, section 2-8.1, Code of Metropolitan Dade County; the county elected to invite bids. We affirm the award, however, because the county reserved the right to consider factors other than price. The invitation to bid listed other factors to be considered:
(1) professional experience with law enforcement environment;
(2) professional experience with tri-cul-tural setting;
(3) experience in the use of clinical procedures within personnel selection;
(4) court experience — court appearances defending selection procedures, and if so, what has been the outcome [SIC];
(5) projects of a similar nature — including number of people evaluated annually in projects simitar [sic] to Metro Dade Police Department.
The “special conditions” section of the invitation to bid included:
D. Evidence of reliability of each procedure, particularly inter-rater reliability if relevant.
[[Image here]]
F. Evidence of validity of each procedure as it relates to groups tested ...
[[Image here]]
H. Nature of selection, decision, or recommendation process:
1. method of scoring each instrument;
2. rationale for inclusion of each instrument in the process as it relates to item 6.A.1-10 [various mental conditions];
3. method of combining the scores of the various instruments to result an [sic] overall decision or recommendation.
The trial court found no evidence of arbitrary or capricious conduct by the county’s award of the contract to the bidder it believed best represented the best interests of the community. Under these circumstances the county may exercise its discretion. City of Pensacola v. Kirby, 47 So.2d 533 (Fla.1950); Liberty County v. Baxter’s Asphalt & Concrete, 421 So.2d 505 (Fla.1982); System Development Corp. v. Department of Health and Rehabilitative Services, 423 So.2d 433 (Fla. 1st DCA 1982).
Affirmed.