# ACCREDITED MEDICAL SERVICES v DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES

## Case No. 85-3108

State of Florida, Division of Administrative Hearings

January 29, 1986

### APPEARANCES OF COUNSEL

Arthur Caplan, partner, Accredit Medical Services, for petitioner.

Harold L. Braynon, HRS District Ten Legal Counsel, for respondent.

### OPINION

WILLIAM J. KENDRICK, Hearing Officer.

Pursuant to notice, the Division of Administrative Hearings, by its duly designated Hearing Officer, William J. Kendrick, held a public hearing in the above-styled case on January 8, 1986, at Fort Lauderdale, Florida.

## PRELIMINARY STATEMENT

These proceedings arose as a result of a Request for Proposal (RFP) issued by Respondent, Department of Health and Rehabilitative Services (Department), for the acquisition of home-delivered meals and homemaker services to disabled adults in Broward County, Florida. The Department recommended that Visiting Nurse Association of Broward COunty, Inc. (VNA) be awarded the contract. Petitioner, Accredited Medical Services, protested the award alleging that VNA's proposal was not responsive and that the Department acted arbitrarily and capriciously in awarding the bid.

At final hearing Petitioner called Arthur Caplan, Cathy D'Heron, Betty Gunter, Aimee Lurkins, and James Gibson, as witnesses. Petitioner's Exhibits 1-3, and Joint Exhibits 1-6, were received into evidence.

The parties were granted leave through January 20, 1986, within which to file proposed findings of fact and conclusions of law. Respondent has submitted proposed findings. No proposed findings have been submitted on behalf of Petitioner. A ruling has been made on each proposed finding of fact in the Appendix to this Recommended Order.

## FINDINGS OF FACT

1. On April 5, 1985, the Department issued its Request for Proposal (RFP) for "Community Care for Disabled Adults—Home Delivered Meals/Homemaker Services."

2. By May 16, 1985, the deadline established in the RFP, four proposals had been filed with the Department. A review committee consisting of three Department employees, James Gibson, Betty Gunter, and Aimee Lurkins, reviewed the proposals and rated each response, numerically, in accordance with the rating sheet which had been included in the RFP. The combined scores of the reviewers resulted in the bidders being ranked as follows:

 1. Visiting Nurse Association . . . . . . . . . . . . . . . . . 259 points
 2. Health Force of Broward . . . . . . . . . . . . . . . . . . 212 points
 3. Professional Care, Inc. . . . . . . . . . . . . . . . . . . 170 points
 4. Accredited Medical Services. . . . . . . . . . . . . . . 137 points

3. Cathy D'Heron, contract manager for the program, reviewed the

four proposals, as well as the committee's evaluations, and concurred that VNA was the most responsible bidder. Accordingly, the Department posted its recommended award of the bid to VNA.

4. Petitioner filed a timely protest to the award. Petitioner contends that VNA's proposal was not responsive to the RFP and that the Department acted arbitrarily and capriciously in evaluating and awarding the bid.

5. Petitioner's first contention is without merit. The evidence establishes that VNA's proposal was responsive to the RFP.

6. Petitioner's second contention is equally without merit. The gravamen of Petitioner's charge is its disagreement with the points awarded by two members of the review committee. However, the record is devoid of any proof that the committee's evaluation was anything short of well reasoned and appropriate. Significantly, Petitioner concurs with Mr. Gibson's evaluation. Mr. Gibson awarded VNA 82 points and Petitioner 64 points.

## CONCLUSIONS OF LAW

1. The Division of Administrative Hearings has jurisdiction over the parties to, and the subject matter of, these proceedings.

2. Pertinent to this case is an understanding of the nature of the RFP procedure. Under Section 287.057(3), *Florida Statutes*, where, as here, an agency determines that the use of competitive sealed bidding, an Invitation for Bids (IFB), is not practicable, contractual services shall be procured by an RFP. Section 287.057(3) provides:

> A request for proposals which includes a statement of the services sought and all contractual terms and conditions applicable to the procurement of contractual services, including the criteria, which shall include, but need not be limited to, price, to be used in determining acceptability of the proposal shall be issued. . . The award shall be made to the responsible offeror whose proposal is determined in writing to be the most advantageous to the state, taking into consideration the price and the other criteria set forth in the request for proposals. . . .

Whereas consideration of an IFB is controlled by cost, consideration of an offer to an RFP is controlled by technical excellence as well as cost. *System Development Corp. v. Department of Health and Rehabilitative Services*, 423 So.2d 433 (Fla. 1st DCA 1982).

3. The standard for review of agency decisions for RFP acquisitions and protests was succinctly set forth in *System Development Corp. v. Department of Health and Rehabilitative Services, supra* at 434.

230

We are constrained to review the agency's decision under these circumstances only so far as to determine whether the decision was arbitrary, capricious or beyond the scope of its discretion, which discretion is very broad:

'So long as a public agency acts in good faith, even though they may reach a conclusion on facts upon which reasonable men may differ, the courts will not generally interfere with their judgment even though the decision reached may appear to some persons to be erroneous.' *Volume Services Division v. Canteen Corp.*, 369 So.2d 391, 395 (Fla. 2d DCA 1979).

4. Application of the foregoing standards to the facts of this case compels the conclusion that Petitioner has failed to establish that the Department acted arbitrarily or capriciously. The Department evidenced a good faith exercise of its discretion, and did not act arbitrarily or capriciously in its evaluation of award of the bid.

5. Petitioner's assertion that the Department's action is suspect or otherwise subject to protest because two review committee members had no previous review experience is untenable. There is no statutory or rule authority which mandates prior review experience. Rather, Section 287.057(16), *Florida Statutes,* requires:

A selection team of at leas three employees who have experience and knowledge in the program areas and service requirements for which contractual services are sought. . .

The record is devoid of any suggestion, or proof, that the committee members lacked experience and knowledge in the program areas and service requirements.

Based on the foregoing Findings of Fact and Conclusions of Law, it is

RECOMMENDED that the Department enter a Final Order dismissing Petitioner's request for formal hearing, with prejudice.

DONE AND ENTERED this 29th day of January, 1986, at Tallahassee, Florida.