JORGENSON, Judge.
The Key Biscayne Council appeals from an order of the Department of Natural Resources (DNR). The order granted the application of Biscayne Beach Hotel Associates, Ltd./Key Biscayne Limited Partnership (the Hotel) for a coastal construction control line permit to build an addition to the Sonesta Beach Hotel on Key Biscayne. For the following reasons, we reverse and remand.
Pursuant to section 161.053(l)(a), Florida Statutes (1987), the Florida legislature gave DNR the authority to establish a coastal construction control line (CCCL) in each of the state’s coastal counties to define that portion of the beach dune system that is subject to severe fluctuation based upon “a 100-year storm surge, storm waves, or other predictable weather conditions.” In order to build on property seaward of the CCCL, the property owner must obtain a permit from DNR. § 161.053(5)(a), Fla.Stat. (1987); Fla.Admin. Code Rules 16B-33.005-33.013. In January, 1988, the Hotel filed an application with DNR for a CCCL permit to build a nine-story addition to the Sonesta. In August, 1988, the Key Biscayne Council filed a petition challenging the issuance of a permit and requesting an administrative hearing pursuant to section 120.57(1), Florida Statutes (1987). In May, 1989, the Council moved to amend its petition to allege, inter alia, that “the Hotel has failed to clearly justify any necessity to construct the proposed addition seaward of the CCCL....”[1] DNR denied the motion to amend as untimely.[2] Following an administrative hearing, the hearing officer initially recommended that the Hotel’s application be denied. However, upon remand from the governor and the cabinet, sitting as the agency head of DNR,[3] the hearing officer reversed himself and recommended that the Hotel’s application be approved. DNR issued a final order approving the application.
The DNR hearing officer abused his discretion in denying the Council’s motion to amend its petition challenging the Hotel’s application for a CCCL permit. Whether the proposed construction seaward of the CCCL was necessary for reasonable use of the property was a critical issue. “Establishment of a coastal construction control line ... does not preclude all development of or alteration of coastal property seaward of such lines. However, activities seaward of a coastal construction control line ... shall be limited and the necessity of such development, construction, or alteration shall be stated and clearly justified by the applicant.” Fla.Admin.Code Rule 16B-33.005(1) (emphasis added). Although the Council did not file its proposed amend *295 ment until the day the administrative hearing began, neither the Florida Administrative Code nor Florida’s Administrative Procedure Act precluded the filing of the proposed amendment as untimely or the granting of a continuance to conduct discovery and develop the issue of necessity. Because the proposed amendment raised a critical issue and because the Hotel had not demonstrated how it would have been prejudiced by the amendment or a continuance, we conclude that denial of the motion to amend constituted an abuse of discretion. Cf. Wackenhut Protective Sys. v. Key Biscayne Commodore Club Condominium, Inc., 350 So.2d 1150 (Fla. 3d DCA 1977) (in determining whether motion to amend complaint should be granted, primary consideration is prejudice to defendant). Accordingly, we reverse and remand for further agency action. § 120.68(8), Fla.Stat. (1987) (“The court shall remand the case for further agency action if it finds that either the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure.”). We do not reach the remaining issues raised by the Council as our disposition renders them moot.
REVERSED AND REMANDED.

.In its permit application, the Hotel alleged that no other construction site was available. However, in his deposition, the hotel's representative testified that the Hotel had not, in fact, considered alternative sites for the proposed project. It was after this deposition that the Council moved to amend its petition to allege the Hotel’s failure to justify the necessity of the site.

. The Council filed its proposed amendment the day that the administrative hearing began.

. See Fla.Admin.Code Rule 16-1.001.