692 So.2d 243 (1997)
LIFE CARE CENTERS OF AMERICA, INC., Appellant,
v.
HEALTH CARE AND RETIREMENT CORPORATION OF AMERICA and Agency for Health Care Administration, Appellees.
No. 96-2988.
District Court of Appeal of Florida, First District.
April 23, 1997.
*244 R. Bruce McKibben, Jr. and Susan L. Turner of Holland & Knight, Tallahassee, for Appellant.
Alfred W. Clark, Tallahassee, for Appellee Health Care and Retirement Corporation of America.
John Gilroy, Tallahassee, for Appellee Agency for Health Care Administration.
PER CURIAM.
Appellant Life Care Centers of America, Inc. (Life Care) raises one issue on appeal from a final order denying its CON application and approving the application of Health Care and Retirement Corporation of America (HCR). The record developed before the administrative law judge (ALJ) consists of eleven volumes in addition to numerous exhibits. The ALJ's recommended order adopted by the agency covers some 86 pages. Life Care's appellate issue is: "Whether the final order rests upon findings that are contrary to the record evidence, and upon invalid legal conclusions?"
Appellee HCR seeks appellate attorney's fees on the basis of section 120.595(5), Florida Statutes (Supp.1996), and section 408.039(6)(c), Florida Statutes. Section 120.595 provides:
When there is an appeal, the court, in its discretion may award reasonable attorney's fees and reasonable costs to the prevailing party if the court finds that the appeal was frivolous, meritless, or an abuse of the appellate process, or that the agency action which precipitated the appeal was a gross abuse of the agency's discretion.
Section 408.039(6)(c) allows the court, in its discretion, to award a reasonable attorney's fees and costs to the prevailing party in an appeal from a certificate of need proceeding if the court finds that there was a complete absence of a justiciable issue of law or fact raised by the losing party.
Appellee contends that Life Care's appeal completely fails to raise any justiciable issue of law or fact and that the appeal is frivolous, meritless and an abuse of discretion. Appellee notes that Life Care's entire appellate argument consists of four paragraphs and fails to cite any evidence whatsoever that supports its three claims of error in spite of the fact that its argument is premised upon the statement that "The Final Order rests upon findings that are contrary to the record evidence."
Life Care's first claim is the evidence that its nursing home program had been "proven effective" was ignored. Life Care, however, points to no evidence that proved its programs were effective. Moreover, even if it had proven its programs were effective, the issue was not dispositive, particularly in light of the finding that Life Care minimally met this criteria and that HCR's programs were more innovative.
Life Care's second claim is that it was not given preference pursuant to the State Health Plan for having the highest patient costs. This argument ignores the plain language of the State Health Plan which requires a comparison of the applicant's patient care costs with the patient care costs of the average nursing home in the district. Life Care never provided any evidence of the patient care costs of an average nursing home in the district, and therefore it was not possible to determine whether any applicant had costs below those of the average nursing home in the district.
Life Care also argues that the only competition that HCR's proposed facility would foster would be against its already existing facilities. None of the findings of fact to which Life Care filed exceptions, however, addresses competition.
Life Care has not shown that the agency abused its discretion in accepting the ALJ's findings. Even more importantly, Life Care has not shown that the errors it alleges were dispositive to the outcome of the case.
Finding that Life Care's arguments are frivolous and meritless, we grant the motion for appellate attorney's fees and costs pursuant to section 120.595(5), Florida Statutes (Supp.1996). See Procacci Commercial Realty, Inc. v. Department of HRS, 22 Fla. L. *245 Weekly D262 (Fla. 1st DCA 1997); RHPC, Inc. v. Department of HRS, 509 So.2d 1267 (Fla. 1st DCA 1987). The cause is remanded to the Division of Administrative Hearings for a determination of the amount of fees and costs.
AFFIRMED.
BARFIELD, C.J., and KAHN and DAVIS, JJ., concur.