710 So.2d 569 (1998)
OPTIPLAN, INC., Appellant,
v.
SCHOOL BOARD OF BROWARD COUNTY, Florida, and Vision Care, Inc., d/b/a Vision Service Plan, Appellees.
No. 96-1016.
District Court of Appeal of Florida, Fourth District.
January 28, 1998.
Rehearing and Rehearing Denied March 27, 1998.
*570 Mitchell W. Berger and Holiday Hunt Russell of Berger & Davis, P.A., Fort Lauderdale, for appellant.
Edward J. Marko and Robert Paul Vignola, Office of the School Board Attorney, Fort Lauderdale, for appellee The School Board of Broward County.
Leonard A. Carson, Rosa H. Carson and Jason Vail of Carson & Adkins, Tallahassee, for appellee Vision Care, Inc.
Rehearing and Rehearing En Banc Denied March 27, 1998.
WARNER, Judge.
This appeal arises from a bid protest filed by Optiplan against the appellee School Board of Broward County ("School Board"). An administrative hearing officer who heard the protest entered an order recommending that the School Board dismiss the protest and the School Board adopted this recommendation. Because the hearing officer erred in refusing to allow Optiplan to amend its pleadings at the beginning of the hearing, we reverse.
Initially, the School Board appointed an insurance committee, which solicited proposals for the provision of group vision care for the employees of the district. The request for proposals (RFP) advised bidders to structure the proposals so as to address each of the evaluation criteria set forth in the "Evaluation Criteria and Selection Factors Section." Four providers, including Optiplan and Vision Service Plan (VSP), the School Board's incumbent service provider, submitted proposals. The committee retained an independent risk and insurance management consultant to review the proposals. Based on the consultant's advice as well as the committee members' evaluation and scoring of the proposals, the committee voted to award VSP the contract. The VSP proposal scored only 2.3 points higher than the Optiplan proposal.
Optiplan filed a formal written protest against the School Board under the Florida Administrative Procedure Act, Chapter 120, Florida Statutes (1995), alleging that, in awarding points, the committee members used selection criteria and a point structure that was biased and unreliable; the committee members miscalculated the award of points in two categories; and the RFP was unconstitutional because it used race-based classifications in scoring points under the minority and women business enterprise participation category. The School Board rejected Optiplan's protest after a review by the consultant, who advised the School Board that even after giving Optiplan the maximum benefit of the doubt with respect to the challenged criteria, VSP's proposal still ranked higher than Optiplan's.
At Optiplan's request, the School Board then referred the case to an administrative hearing officer. After several days of testimony, the hearing officer recommended that the School Board dismiss Optiplan's formal *571 written protest. Optiplan filed exceptions to the recommendations which the School Board heard and overruled. Optiplan appeals from the School Board's order adopting the hearing officer's recommended order and implementing the award of the vision care contract to VSP.
At the beginning of the administrative hearing, Optiplan filed a "Motion to Conform Pleadings to the Evidence," which we construe as a motion to amend its pleadings. It claimed that through discovery it had uncovered evidence that the rate structure in VSP's proposal violated Florida insurance laws and that the RFP's bid specifications did not disclose that unions and collective bargaining units, whose representatives served on the insurance committee, had the ability to influence the School Board's award of the contract by demanding "impact bargaining." Counsel for the School Board conceded that Optiplan was not aware of the facts alleged in its motion at the time it filed the bid protest. Optiplan stated that the amendment would not prejudice the parties, to which the School Board stated "no comment," and VSP said "nothing further." Nevertheless, the School Board and VSP made ore tenus motions to restrict the formal hearing's proceedings to the issues specifically stated in Optiplan's formal protest, pursuant to section 120.53(5)(b), Florida Statutes (1995). Section 120.53(5)(b) requires an unsuccessful bidder challenging the award of a contract to file a written notice of its intent to protest within 72 hours after receipt of the notice of the agency's decision, and a formal written protest within 10 days of the filing of the notice of protest. The formal written protest must state with particularity the facts and law upon which the protest is based. See § 120.53(5)(b). The hearing officer denied Optiplan's motion to amend based on his conclusion that the statute did not permit material amendments to the issues or the addition of new issues to a bid protest beyond the statutory time period.
We disagree with the hearing officer that it had no authority to allow an amendment of the bid protest. In a recent dissent in Silver Express Co. v. District Board of Lower Tribunal Trustees of Miami-Dade Community College, 691 So.2d 1099 (Fla. 3d DCA 1997), Judge Nesbitt clarified the law relating to the amendment of petitions under the Administrative Procedure Act:
As observed in The Florida Bar, Florida Administrative Practice, section 4.10 at 4-12 (4th ed.1995):
A petitioner may amend the petition, as of right, at any time "prior to the Agency's designating the presiding officer." Fla.Admin.Code Model Rule 28-5.202. Amendment after such designation or after the agency has referred the matter to the division is allowed only on order of the hearing officer, Rule 60Q-2.004(4), or other presiding officer, Rule 28-5.202. Amendments should be liberally allowed. Anthony Abraham Chevrolet Co. v. Collection Chevrolet, Inc., 533 So.2d 821 (Fla. 1st DCA 1988); All Risk Corp. Of Florida v. State, Dept. Of Labor & Employment Security, Division of Workers' Compensation, 413 So.2d 1200 (Fla. 1st DCA 1982). It can be argued that amendments that substantially alter the nature of the issues and proceedings, if offered after the case is referred to the division, should be scrutinized carefully because an agency might have chosen a different forum under those circumstances. Nonetheless, it has been held an abuse of discretion to deny a motion to amend that raises new issues, even if it is filed on the day the hearing is scheduled to commence, absent a showing of prejudice to other parties. Key Biscayne Council v. State, Dept. of Natural Resources, 579 So.2d 293 (Fla. 3d DCA 1991).
Id. at 1103 (emphases added). In Silver Express, a case very similar to the instant dispute, an incumbent in an RFP process challenged the committee's evaluation of proposals to provide aviation services. During discovery after the filing of a protest, Silver Express became aware of a potential statutory violation, and the appellee made a motion in limine to exclude Silver Express' new claim, requesting that the hearing officer limit the evidence in the formal hearing to the issues stated in the pleadings. Silver Express sought to amend its formal protest to include the statutory claim on the first day of the formal hearing, but the hearing officer *572 indicated his inclination to deny the motion to amend. Before issuance of the recommended order, Silver Express brought suit in circuit court alleging the statutory violation and requesting a temporary injunction, which the court denied. Thereafter, on appeal to the third district, the court reversed the trial court's denial of the temporary injunction. See id. at 1102.
In Judge Nesbitt's dissent to the reversal of the temporary injunction, he claimed that Silver Express, having elected to pursue its administrative remedy, should not have been permitted to seek the trial court's direct judicial intervention. The hearing officer, instead, had discretion to permit amendment to Silver Express' pleadings, and there was no need for direct judicial intervention. See id. at 1103.
We agree with Judge Nesbitt's conclusion that amendments may be allowed to bid protests in accordance with Model Rules 60Q-2.004(4) and 28-5.202. The hearing officer's denial of the motion to amend, in the absence of any alleged prejudice to the appellees, was an abuse of discretion. The refusal to allow the amendment resulted in the exclusion of testimony regarding the alleged illegality of VSP's proposed contract and the effect of the threat of impact bargaining on the award of the contract. This evidence might have convinced the hearing officer that the proceedings were materially impaired. On the evidence presented with regard to the other issues, the hearing officer found that there were "unexplained aberrations" in the scoring, but he could not conclude that the result was arbitrary or that the aberrations were not simply honest mistakes. Evidence that the bid was illegal and that coercion may have been at work as a result of the threat of impact bargaining might have changed his mind as to these conclusions. Therefore, we cannot conclude that the failure to allow the amendment and thus the testimony on these issues was harmless. We reverse and remand for a new hearing on the issues.[1]
Because we are remanding for a new hearing, it is unnecessary for us to address the issues regarding the hearing officer's findings of fact. We address only briefly the two remaining issues. We hold that the School Board did not commit error in refusing to recuse itself. Optiplan alleged that because two of the School Board members testified before the hearing officer, the entire School Board should be recused. We do not find that this fact alone carries Optiplan's burden to assert facts that "objectively establish a sufficient ground for fear of ... bias and prejudice." See Bay Bank & Trust Co. v. Lewis, 634 So.2d 672, 678 (Fla. 1st DCA 1994). Not only is there no allegation that the testimony of the board members was critical to the case, but unlike the case of Ridgewood Properties, Inc. v. Department of Community Affairs, 562 So.2d 322 (Fla. 1990), relied on by Optiplan, these School Board members were not the agency's only witnesses, nor was there any indication that the witnesses were asked to review the competence of their own testimony. All that Optiplan's motion suggests is that these members might have talked to other School Board members and might have influenced them. This falls far short of the facts necessary to disqualify the individual members, let alone the entire School Board.
Finally, with respect to the constitutional challenge to the RFP's specifications because it awarded points tied to race-based classifications, we agree with the hearing officer that Optiplan waived its right to contest the School Board's use of the criteria by failing to formally challenge the criteria within 72 hours of the publication of the specifications in a bid solicitation protest. The purpose of such a protest is to allow an agency to correct or clarify plans and specifications prior to accepting bids in order to save expense to the bidders and to assure fair competition among them. See Capeletti Bros., Inc. v. Department of Transp., 499 So.2d 855, 857 (Fla. 1st DCA 1986). Having failed to file a bid specification protest, and having submitted a proposal based on the published *573 criteria, Optiplan has waived its right to challenge the criteria.
For the foregoing reasons, we affirm in part and reverse in part. We remand for a new administrative hearing.
KLEIN and SHAHOOD, JJ., concur.
NOTES
[1] The appellees cite information in their brief which indicates that VSP's contract was not illegal. However, this information was not before the administrative hearing officer and thus is not part of the record in this case.