876 So.2d 731 (2004)
CONSULTECH OF JACKSONVILLE, INC., Appellant,
v.
DEPARTMENT OF HEALTH, Appellee.
No. 1D03-2764.
District Court of Appeal of Florida, First District.
July 14, 2004.
*732 Albert E. Ford, II, of Webb, Wells & Williams, P.A., Altamonte Springs, for appellant.
Gary L. Asbell, Assistant General Counsel, Department of Health; and Timothy G. Schoenwalder, of Hopping, Green & Sams, P.A., Tallahassee, for appellee.
PER CURIAM.
Appellant, Consultech of Jacksonville, Inc. (Consultech) appeals a final order of the appellee, State Department of Health (DOH) which adopted the findings of fact, conclusions of law, and recommendations of the Administrative Law Judge (ALJ), rejecting Consultech's bid protest proceeding and approving the award of a contract to appellee, Information Systems of Florida, Inc. (ISF), intervenors below. DOH also approved the ALJ's award of attorney's fees to ISF as a sanction for failure of Consultech's corporate representatives to appear for depositions scheduled by ISF.
We affirm the final order in all respects. In addition, we grant ISF's motion for appellate attorney's fees and costs against Consultech, finding ISF entitled to fees and costs under section 120.595(5), Florida Statutes, and remand to the ALJ for determination of a reasonable amount.

THE PROCEEDINGS BELOW
In October 2002 DOH issued its request for proposal (RFP) to secure proposals for the design, implementation, and maintenance of a new system for tracking continuing education units (CEU's), which are required to be earned by more than 470,000 healthcare professionals regulated by DOH. Only two companies, Consultech and ISF, submitted proposals. Pursuant to the specifications set forth in the RFP, both proposals were evaluated by a panel of DOH employees. Under the evaluation criteria contained in the RFP, Consultech's proposal received a combined total of 298 points out of a possible 650 points, as compared to ISF's score of 573.5 points.
Based upon the scoring of the review panel, DOH issued its notice of intent to award the contract for the CEU tracking system to ISF. Consultech timely submitted to DOH a formal protest to the bid award, followed later by an amended protest and petition to DOH. In its petition, Consultech mainly focused upon DOH's scoring of selected portions of the competing proposals of ISF and Consultech and also argued that DOH's notice of intent to award the contract to ISF contravened section 456.003(5), Florida Statutes, because neither the ALJ nor DOH properly weighed the element of cost.[1] ISF was allowed to intervene in the proceedings.
Upon referral to the Department of Administrative Hearings, the bid protest was assigned to an ALJ for final hearing. At the conclusion of the hearing the ALJ issued a recommended order, finding that *733 DOH's notice of intent to award the contract to ISF was not clearly erroneous, contrary to competition, arbitrary, or capricious, and recommending that Consultech's bid protest be rejected. The ALJ also ordered Consultech to pay attorney's fees to ISF in the amount of $1,250 for the services of ISF's attorney incurred in connection with Consultech's failure to attend a scheduled deposition.[2]
DOH adopted the ALJ's findings of fact, conclusions of law, and recommendations, and issued a final order rejecting Consultech's bid protest and expressly declining to overrule the ALJ's award of attorney's fees to ISF.

ISSUES ON APPEAL
The grounds for reversal argued by appellant may be summarized as follows:
(1) whether DOH's failure to give greater deference to the "Financial Specifications" portion of the RFP violates section 456.003(5), Florida statutes;[3]
(2) whether Consultech is entitled to the award due to the superior quality of its staff as well as its lower cost estimate for the development, maintenance, and operation of the CEU system;
(3) whether the ALJ's award of attorney's fees to ISF for Consultech's failure to attend depositions was an abuse of discretion.
We find no merit in any of these contentions.

DISCUSSION OF ISSUES.
We first consider appellant's contentions with regard to section 456.003(5), Florida Statutes.[4] At the outset, we find that appellant's arguments are based simply upon its disagreement with DOH's interpretation of the statute. According to appellant, the term "expenditures" as used in the statute encompasses costs and fees paid by healthcare providers utilizing the CEU system to be developed by the successful bidder pursuant to the RFP. DOH, on the other hand, has interpreted the term "expenditures" to mean funds that will be paid out by DOH or one of its boards within its jurisdiction and control. This interpretation is clearly stated in the ALJ's recommended order (adopted in full by DOH's final order) as follows:
Finally, section 456.003(5), Florida Statutes, on its face, is inapplicable to an evaluation of ISF's proposal or DOH's proposed award of the contract to ISF, because ISF's proposal does not involve any DOH `expenditures' for `licensure costs.'
The import of this conclusion of law is amplified by the ALJ's further finding that

*734 because no agency funds are involved in an award to ISF, Consultech has failed to affirmatively demonstrate that DOH's intent to award to ISF in any way offended section 456.003(5), Florida Statutes, which requires DOH to promulgate policies which are cost-effective.
We find this issue is governed by established case law and must be resolved against appellant. See Fla. Dep't of Ins. & Treasurer v. Bankers Ins. Co., 694 So.2d 70 (Fla. 1st DCA 1997) (finding that an agency's interpretation of a statute it administers is entitled to deference); Dep't of Natural Res. v. Wingfield Dev. Co., 581 So.2d 193 (Fla. 1st DCA 1991) (finding that only upon a determination that an agency's interpretation is clearly erroneous will such an interpretation be overturned on appeal). We reject appellant's contention that DOH's interpretation of section 456.003(5) is clearly erroneous.
A further bar to appellant's attempt to inject the cost issue into this proceeding is its failure to timely protest the provisions of the RFP with respect to the financial aspects of the project. Because Consultech failed to file a protest to the terms and conditions of the RFP as required by section 120.57(3), Florida Statutes, its belated attempt to challenge the award to ISF on this basis must fail.[5]
Significantly, in her Recommended Order the ALJ found, among other things, that Consultech's arguments with respect to price "are predicated, at best, upon conjecture and speculation...."; that Consultech did not prove that its price proposal "would be accurate in practice, or that ISF's price proposal was inaccurate...."; and that even assuming that Consultech's price proposal "was demonstrably less expensive" for all licensed health care professionals, making price/cost "the sole criterion" would convert the RFP into a "de facto invitation to bid, wherein price would become the determining factor...." Appellant does not  nor could it reasonably  contend that DOH's request was an invitation to bid, rather than a request for proposal. As appellant is aware, having cited this court's decision in System Development Corp. v. Dep't of Health & Rehabilitative Servs., 423 So.2d 433 (Fla. 1st DCA 1982),
Consideration of a response to an IFB [invitation for bid] is controlled by cost, that is, the lowest and best bid, whereas consideration of an offer to an RFP is controlled by technical excellence as well as cost.
Id. at 434 (footnote omitted).
We next consider the arguments concerning Consultech's qualifications to complete the project. On this point, Consultech urges that it should receive the contract award because its qualifications were "equal if not superior" to that of ISF and that its "impressive computer qualifications" were not given proper recognition in the ALJ's order. Consultech urges that this evidence must be "properly weighted and examined by this court" because it is "conclusive evidence" that Consultech was a qualified responsive bidder for the project "and it would have performed the project for substantially less than ISF." As discussed above, Consultech's contentions with regard to a favorable cost comparison between the two proposals are without factual or legal support. We find that appellant's contentions *735 as to its qualifications may be fairly characterized as an attempt to divert attention from the deficiencies in its proposal. The RFP defined eligible proposers as "any company with [a] CEU tracking systems development background or other organization with demonstrated expertise in system development projects and experience with providing similar services." The RFP required each proposer to demonstrate in its proposal that it had "successful experience" providing services similar to those described in the RFP.
Consultech's proposal patently failed to demonstrate "successful experience" in providing a CEU system, and in fact demonstrated no experience. The ALJ made this abundantly clear in her recommended order, as follows:
In its proposal to DOH, Consultech did not describe or identify a single project in which it had developed, implemented, and integrated a CEU tracking system program or a single large-scale software development, implementation, and integration project it had successfully completed. Therefore, it would seem that only ISF submitted a proposal that affirmatively demonstrated to the evaluators both that it was an eligible proposer and that it possessed `successful experience' providing services similar to those sought by DOH.
These findings are supported by competent, substantial evidence in the record, and are binding on this court. See, S.W. Fla. Water Mgmt. Dist. v. Save the Manatee Club, 773 So.2d 594 (Fla. 1st DCA 2000) (quoting section 120.68(7)(b), Florida Statutes).[6] By contrast, the ALJ found that ISF had identified in its proposal "several projects for similar large-scale web-based services that it had developed, implemented, and integrated." The order then described in some detail three of the proposals included in ISF's list of "similar projects." Consultech does not challenge these findings in this appeal. Nor does Consultech take issue with the ALJ's observation that one of Consultech's key witnesses at the hearing, Mr. Futrell (listed by Consultech in its proposal as one of its references), who had past experience with both ISF and Consultech, was "`uncomfortable' expressing an opinion that Consultech could deliver the services that DOH sought through its RFP." The ALJ found, "Mr. Futrell testified clearly that he believed that ISF has a strong capacity for developing software and the ability to partner with an organization, while understanding that organization's functions."
Consultech's argument is an invitation for this court to violate the provisions of section 120.68(7), Florida Statutes, by reweighing disputed issues of fact. This we decline to do.

THE ALJ'S AWARD OF ATTORNEY'S FEES
The ALJ's assessment of attorney's fees against Consultech arose from the failure of Consultech's representatives to appear for a scheduled deposition in Jacksonville, Florida, where both ISF and Consultech maintained offices. ISF's attorney traveled to Jacksonville from its office in Tallahassee for the deposition, but no corporate representatives of Consultech appeared *736 at the properly noticed time and place. On appeal, Consultech argues that it was unable to attend the deposition due to a "mutual miscommunication" regarding the time and place of the deposition. The ALJ concluded, and we agree, that Consultech has not provided a satisfactory explanation or justification for its non-appearance at the deposition.
In addition, we find that appellant's reliance on Fla. Patients Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), as the basis for its contention that the amount of fees awarded was miscalculated, is misplaced. The attorney's fees award by the ALJ was imposed as a sanction under rule 1.380(d), Florida Rules of Civil Procedure, rather than upon the statutory provision for an award of "reasonable attorney's fees" to a prevailing party as in Rowe. Here the amount of attorney's fees was calculated at the rate of $250 an hour based upon the intervenor's affidavit as to costs and fees; as for reasonableness of the time factor, the ALJ observed that "any ordinarily prudent person knows that just ground travel time between Tallahassee to Jacksonville and back amounts to between five and six hours." We find no abuse of discretion in the attorney's fees award.
Finally, ISF has petitioned for an award of appellate attorney's fees and costs pursuant to section 120.595(5), Florida Statutes. This statute provides for attorney's fees to be awarded if an appeal is "frivolous, meritless, or an abuse of the appellate process...." An appeal is frivolous if it presents "no justiciable question and is so devoid of merit on the face of the record that there is little prospect it will ever succeed." Procacci Commercial Realty, Inc. v. Dep't of Health & Rehabilitative Servs., 690 So.2d 603, 609 (Fla. 1st DCA 1997) (quoting Treat v. State, ex. Rel. Mitton, 121 Fla. 509, 510-511, 163 So. 883, 883-884 (1935)). In Procacci, this court awarded appellate attorney's fees against an unsuccessful bidder who appealed the denial of its bid protest against HRS. In that case, based upon our finding that the appeal "wholly lacked merit," we held that HRS and the successful bidder were entitled to an award of attorney's fees and costs under chapter 120. Id. at 609. In Procacci, as here, the unsuccessful bidder contended that the decision of the agency was arbitrary and capricious and that the proposal of the successful bidder was inferior to its own proposal. Here, as in Procacci,"the appellant's principal strategy has been to reargue the facts previously presented to the lower [tribunal]." Id. at 609 (quoting Branch v. Charlotte County, 627 So.2d 577, 579 (Fla. 2d DCA 1993)).
Similarly, in Lifecare Ctrs. of America, Inc. v. Health Care & Retirement Corp. of America, 692 So.2d 243 (Fla. 1st DCA 1997), this court awarded appellate attorney's fees and costs to the prevailing party where the losing party's primary claim was that the agency ignored evidence that its nursing home program had been proven effective. Here, appellant's primary argument on appeal, as before the ALJ, was that its personnel's qualifications and experience were superior to that of the successful party, and that its proposal was superior to that of the successful party. Nevertheless, as our analysis of this case indicates and the record demonstrates, Consultech's proposal did not establish that it possessed the necessary experience and qualifications sought in the RFP, nor did it demonstrate that its experience and qualifications were superior to that demonstrated by ISF in its proposal.
We conclude that appellant's appeal is an abuse of the appellate process and warrants an award of appellate attorney's fees and costs to ISF. Accordingly, this cause is *737 remanded to the ALJ with directions to determine the amount of reasonable attorney's fees and costs incurred by ISF in these proceedings, and to enter an order for payment of the same to ISF by Consultech.
The order on appeal is affirmed, and the cause is remanded to the ALJ for determination of a reasonable amount of appellate fees and costs to be awarded.
ERVIN and BOOTH, JJ., SMITH, LARRY G., Senior Judge, concur.
NOTES
[1] Consultech did not allege that ISF's proposal was not in compliance with the terms and conditions of the RFP, nor that ISF was not a qualified proposer.
[2] The amount of $1,250 was based on five hours at $250 per hour.
[3] Under "Section 4: FINANCIAL SPECIFICATIONS" of the RFP, a proposer was required to set forth its plan for funding the CEU tracking system through fees collected from continuing education providers, a business plan demonstrating the ability to develop and operate the system from private resources, and the financial capability to complete the state project. These specifications emphasized, in effect, the need for a "self-supporting" system with minimal or no resort to state funds or services.
[4] Section 456.003(5), Florida Statutes, provides as follows:

Policies adopted by the department shall ensure that all expenditures are made in the most cost-effective manner to maximize competition, minimize licensure costs, and maximize public access to meetings conducted for the purpose of professional regulation. The long-range planning function of the department shall be implemented to facilitate effective operations and to eliminate inefficiencies.
[5] Specification challenges under section 120.57(3) are intended to allow an agency to correct or clarify plans and specifications prior to accepting bids in order to save expense to the bidders and to assure fair competition among them. See Optiplan, Inc. v. Sch. Bd. of Broward County, 710 So.2d 569 (Fla. 4th DCA 1998); Capeletti Bros., Inc. v. Dep't of Transp., 499 So.2d 855 (Fla. 1st DCA 1986).
[6] Section 120.68(7)(b), Florida Statutes, provides in pertinent part that the appellate court can remand or set aside agency action when the court finds that

[t]he agency's action depends on any finding of fact that is not supported by competent substantial evidence in the record of a hearing conducted pursuant to ss. 120.569 and 120.57; however, the court shall not substitute its judgment for that of the agency as to the weight of the evidence on any disputed finding of fact....