MAY, J.
This is the third appeal in a trilogy of fee awards against the insured. The insured appeals an attorneys’ fees and costs award in favor of the insurer entered pursuant to the offer of judgment statute. The insured argues the court erred in granting the award because the insurer’s proposal for settlement was ambiguous, and because the trial court should not have included fees for travel time and for time spent in litigating the fees to be awarded. We affirm in all respects, except for the time awarded for litigating the amount of fees to be awarded.
After losing a property dispute,[1] the insured filed a complaint against the insurer for breach of the insurance contract and bad faith based on the insurer’s refusal to finance the appeal of the unsuccessful property dispute. The insurer counterclaimed for reimbursement of the attorneys’ fees paid to finance the property dispute under a reservation of rights. The insurer also filed a motion seeking sanctions against the insured under section 57.105, Florida Statutes (2010), for filing the new litigation.
The insurer subsequently sent the insured a proposal for settlement pursuant to section 768.79, Florida Statutes (2010). The proposal offered to dismiss the counterclaim in exchange for $93,000 and a “stipulated notice of voluntary dismissal of the instant action.” The proposal expressly excepted the 57.105 sanctions award previously granted to the insurer. The insured did not respond within thirty days, constituting a rejection of the proposal.
The jury awarded the insurer $156,870 in attorneys’ fees and $15,963.20 in costs and expenses on its counterclaim. The trial court entered a final judgment in the amount of $255,219.[2] The insurer then moved to tax attorneys’ fees pursuant to section 768.79.
At the hearing on the motion, the insured argued that the insurer was not entitled to fees because the proposal was ambiguous. The insurer responded that the proposal clearly offered to resolve the two-count complaint and the insurer’s counterclaim with a “carve-out” for the 57.105 sanctions in exchange for a payment to the insurer of $93,000.
As to the amount of fees sought, the insurer’s expert testified that $350 per hour for the shareholder and $185 per hour for the associate were reasonable, and that 311.6 hours had reasonably been expended since service of the proposal for a total of $88,216.50. He further testified that he had spent 47.9 hours on the case, and his hourly rate was $375 per hour, *861 resulting in fees of $17,475. In calculating the total attorneys’ fees, the expert included travel time and fees incurred in litigating the entitlement and amount of attorneys’ fees to be awarded.
The trial court orally pronounced that it would not deduct travel time or fees-for-fees from the award, and entered a final order and judgment awarding the insurer $80,655 in fees and $33,548.76 in costs, for a total of $114,203.76.[3] From this judgment, the insured now appeals.
The insured continues to argue the trial court erred in granting attorneys’ fees and costs because the proposal for settlement was ambiguous. The insurer responds that the proposal was not ambiguous because it clearly delineated which claims it intended to extinguish. We have de novo review. Nationwide Mut. Fire Ins. Co. v. Pollinger, 42 So.3d 890, 891 (Fla. 4th DCA 2010). We agree with the insurer on this point.
Rules 1.442(c)(2)(B) & (C) of the Florida Rules of Civil Procedure require that settlement proposals “identify the claim or claims the proposal is attempting to resolve” and “state with particularity any relevant conditions.” Our supreme court has held that “[t]he rule does not demand the impossible. It merely requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification.” State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So.2d 1067, 1079 (Fla.2006); Pollinger, 42 So.3d at 891.
We see no ambiguity. When the insurer sent the proposal to the insured, the trial court had already dismissed the insured’s complaint and granted the insurer’s motion for judgment on the pleadings.[4] All that remained were amounts owed to the insurer on its counterclaim and 57.105 sanctions. The proposal sought to avoid a jury trial on damages by having the insured pay $93,000 on the counterclaim. The only matter excepted was the sanctions award. We find no merit in the insured’s other two ambiguity arguments.
Proposals for settlement are governed by section 768.79, Florida Statutes, and Florida Rule of Civil Procedure 1.442, which delineate the technical requirements for making such offers. Section 768.79 gave the insured 30 days to accept the settlement. The insured did not accept within the time frame. The insurer subsequently recovered “a judgment in an amount at least 25 percent greater than the offer ....” § 768.79(1), Fla. Stat. (2010). The insurer was therefore entitled to attorney’s fees and costs “incurred from the date of the filing of the demand.” Id. The trial court correctly awarded the insurer fees and costs pursuant to the statute and the rule.
The insured next argues that the court erred in awarding fees for travel time. The insurer responds that travel *862 time is compensable under the offer of judgment statute because they are meant as a sanction. We again agree with the insurer.
“Entitlement to attorney’s fees based on the interpretation of a statute or contract is also reviewed de novo.” State Farm Fla. Ins. Co. v. Silber, 72 So.3d 286, 288 (Fla. 4th DCA 2011).
Although travel time is generally not compensable, travel time may be awarded as part of a sanction under certain circumstances, such as where a party was aware that his actions could result in unnecessary litigation. See Eve’s Garden, Inc. v. Upshaw & Upshaw, Inc., 801 So.2d 976, 979 (Fla. 2d DCA 2001). An award of fees under section 768.79, Florida Statutes, is a “sanction against a party who unreasonably rejects a settlement offer.” Attorneys’ Title Ins. Fund, Inc. v. Gorka, 36 So.3d 646, 649 (Fla.2010). We therefore find no error in awarding fees for travel time.
Lastly, the insured argues that the attorneys’ fee award should be reversed because it included fees for litigating the attorneys’ fee motion. The insurer again responds that fees-for-fees are allowed where the fees are being awarded as a sanction against the party paying them. On this issue, we agree with the insured.
Although fees incurred in litigating entitlement to attorneys’ fees under section 768.79 are authorized, fees incurred in litigating the amount of fees are not recoverable. See, e.g., Oruga Corp. v. AT & T Wireless of Fla., Inc., 712 So.2d 1141 (Fla. 3d DCA 1998) (disallowing fees for litigating the amount).
We do not believe that an award of attorney’s fees for litigating the amount of attorney’s fees, comports with the purpose of this statute. Such work inures exclusively to the attorney’s benefit and does not serve to encourage the parties to expeditiously resolve their differences short of a trial. We therefore decline to construe section 768.79 as permitting such fees.
Id. at 1145 (citing State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830, 833 (Fla.1993)).
We therefore affirm the fee and cost award except to the extent it includes time expended in litigating the amount of fees to be awarded.

Reversed in part and remanded.

CIKLIN, J., and SCHIFF, LOUIS, Associate Judge, concur.

. Palm Beach Polo Holdings, Inc. v. Equestrian Club Estates Prop. Owners Ass'n, Inc., 949 So.2d 347 (Fla. 4th DCA 2007).

. The appeal of the final judgment was assigned case number 4D11-4660. The appeal of the 57.105 sanctions was assigned case number 4D12-231. Those two cases were consolidated and addressed in the same opinion.

. The award of fees under section 768.79 does not overlap with the award of fees under section 57.105. The 57.105 fees covered only the period of time between the filing of the insured's complaint and the order dismissing it (April 2007 to December 2007). The 768.79 fees covered the period of time between proposal for settlement and the fee award (June 2011 to June 2012).

. The proposal for settlement included a condition that the insured agree to a stipulated notice of voluntary dismissal of his claims. Although the complaint had already been dismissed at the time the proposal was made, the insured attempted to keep his action alive by arguing that the court had only dismissed one of the two counts. Including a voluntary dismissal of both counts of the insured’s complaint would have clarified the record and prevented the insured from attempting to make that argument again.