# Third District Court of Appeal

## State of Florida

Opinion filed December 26, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-700
Lower Tribunal No. 08-409-K
_____

**Bank of New York, etc.,**
Appellant,

vs.

**Peter W. Obermeyer, et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Monroe County, Bonnie J. Helms, Judge.

DeLuca Law Group, PLLC, and Shawn Taylor (Fort Lauderdale), for appellant.

Gregg Horowitz (Sarasota), for appellees.

Before EMAS, LOGUE, and SCALES, JJ.

LOGUE, J.

In this foreclosure case, Bank of New York appeals the trial court's order denying its verified Motion to Vacate Order of Sanctions filed pursuant to Florida Rule of Civil Procedure 1.540. We affirm.

Trial was set in this case on three different dates, April 28, 2014, July 10, 2014, and December 12, 2014. Each time, the borrowers' counsel drove from his office in Sarasota to the Key West courthouse in Monroe County. Each time, the Bank inexplicably failed to appear. The case was dismissed without prejudice on December 16, 2014, and that order was not appealed.

Meanwhile, the borrowers moved for sanctions in the form of costs and attorney's fees including the time expended by their counsel in driving from Sarasota to Key West for the trials that the Bank failed to attend. The Bank also failed to attend the hearing on that motion. Not surprisingly, the motion was granted. The Bank subsequently moved under rule 1.540(b) to vacate the sanctions order and costs, which the trial court denied. The Bank timely appeals.

Having carefully reviewed the arguments of the parties, including the arguments in the Bank's late-filed initial brief, we find nothing improper or illegal in the trial court's decision to require the payment of the borrower's counsel travel costs in addition to the usual costs and fees in these unusual circumstances. See Palm Beach Polo Holdings, Inc. v. Stewart Title Guar. Co., 132 So. 3d 858, 862 (Fla. 4th DCA 2014) (quoting Eve's Garden, Inc. v. Upshaw & Upshaw, Inc., 801 So. 2d 976,

2

979 (Fla. 2d DCA 2001) ("Although travel time is generally not compensable, travel time may be awarded as part of a sanction under certain circumstances, such as where a party was aware that his actions could result in unnecessary litigation."));

see, e.g., Consultech of Jacksonville, Inc. v. Dep't of Health, 876 So. 2d 731, 736 (Fla. 1st DCA 2004) (finding no abuse of discretion in an attorney's fees award of travel time as a sanction for failure to attend a deposition).

Affirmed.