597 So.2d 805 (1992)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant/Cross-Appellee,
v.
George C. MOORE, as the Personal Representative of the Estate of Gregory M. Moore, Deceased, Appellee/Cross-Appellant.
No. 91-00388.
District Court of Appeal of Florida, Second District.
January 3, 1992.
Rehearing Denied January 30, 1992.
*806 David P. Rhodes and David J. LoNigro of Haas, Austin, Ley, Roe & Patsko, P.A., Tampa, for appellant/cross-appellee.
John T. Allen, Jr. and Christopher P. Jayson of John T. Allen, Jr., P.A., St. Petersburg, for appellee/cross-appellant.
RYDER, Judge.
State Farm Mutual Automobile Insurance Company challenges an award of attorney's fees to appellee/cross-appellant. George C. Moore, as personal representative of the Estate of Gregory M. Moore, deceased, cross-appeals the same award contending that the trial court erred in limiting the award to the amount of the fee agreement. We affirm the trial court's decision to grant attorney's fees and its application of a 2.5 multiplier, but reverse the award to the extent it includes time spent litigating the issue of the attorney's fee and remand the case to the trial court to make such a determination.
The Moore Estate filed suit against Barbara Monahan and her son, Jeffrey Monahan, who was the driver of an automobile involved in a March, 1985, collision in which Gregory Moore died as a result of his injuries. The trial court on October 7, 1987, entered summary judgment for Monahan because no coverage existed under her automobile policy due to her son's theft of her automobile on the date in question. The decision was affirmed per curiam in August 1988. On June 26, 1987, the Moore Estate first notified State Farm of the possibility that a claim might be made pursuant to the uninsured motorist insurance under the Moores' policies, and specifically requested State Farm to exercise its legal right to intervene in the underlying coverage dispute. State Farm responded by questioning coverage on three specific grounds, including whether decedent was covered as a resident relative of the policyholders. After entry of summary judgment against the Moore Estate, its counsel again notified State Farm of their claim for UMI coverage. State Farm responded by letter dated November 5, 1987, denying arbitration under the terms of the policy and indicating that if the matter cannot be *807 resolved, it desired to have it considered by a jury. The Moore Estate filed an action against State Farm in December 1987, and filed an amended complaint on January 6, 1988. State Farm then moved to dismiss for failure to effectuate proper service of process. On June 13, 1988, State Farm filed its answer in which it did not admit that Gregory Moore was a resident relative despite an opportunity to take his parents' statements in March 1988. After two separate motions to dismiss filed by State Farm, it conducted discovery, and on February 1, 1990, offered the policy limits to settle the UMI claims. After settlement, the trial court held hearings on the Moore Estate's application for attorney's fees and costs and found that a contingency multiplier of 2.5 was appropriate. Despite the trial court's express disagreement with the case law limiting the award to the contractual cap of the contingent fee contract and its specific finding that $106,262.50 would be a fair and reasonable amount, it entered an order awarding the Moore Estate an attorney's fee of $80,000.00.
State Farm disputes the court's finding that it wrongfully denied UMI coverage. It relies on Lumbermen's Mutual Insurance Co. v. American Arbitration Association, 398 So.2d 469 (Fla. 4th DCA 1981) and Government Employees Insurance Co. v. Battaglia, 503 So.2d 358 (Fla. 5th DCA 1987) to support its position. However, there was no denial of coverage in either of these cases. State Farm attempts to distinguish Sanchez v. American Ambassador Casualty Co., 559 So.2d 344 (Fla. 2d DCA 1990) on the grounds that the arbitration clause in the instant case, unlike Sanchez, does not require State Farm to arbitrate, and that its reservation of rights letter was inherently reasonable in light of the two-year delay before the Moore Estate notified it of the claim. By not admitting coverage over a period exceeding two and one-half years, State Farm functionally denied coverage. The record is clear that at no time before February 1990, did State Farm admit coverage. By virtue of their eventual concession of coverage, it is clear that the denial was wrongful. Over a lengthy period, State Farm invited protracted litigation and wrongfully caused the Moore Estate to resort to litigation. The trial court's conclusion that this constituted a denial of coverage is substantiated by the record.
State Farm's second point asserts error in the calculation of compensable fees, namely, that fees incurred in the Monahan litigation and for time spent litigating the issue of attorney's fees are not compensable. The trial judge explicitly limited the award of fees to time spent after the Moore Estate's notice to State Farm on June 26, 1987, and we fail to find error in this determination. However, we find merit in appellant's argument that time spent litigating the issue of an attorney's fee is not compensable. An attorney cannot be awarded fees for time spent litigating the issue of attorney's fees where the client, as prevailing party, has no interest in the fee recovered. U.S. Security Insurance Co. v. Cole, 579 So.2d 153 (Fla. 2d DCA 1991). The standard contingent fee agreement between the Moore Estate and its counsel provides no benefit to the Moore Estate for a fee award. There appears to be approximately $7,015.00 in attorney's fees dedicated to the litigation of the fee, but not being a fact-finding tribunal, we remand for the trial court's determination of the precise amount.
State Farm also disputes the application of the 2.5 contingency multiplier. The final judgment declares this multiplier appropriate because of the contingent nature of the fee arrangement, the Moore Estate's lack of assets to mitigate the risk of nonpayment in any way, the result obtained in comparison to the amount obtained, and the finding that the Moore Estate was less than likely to prevail at the outset of the case in light of the legal and factual issues raised. The record also reveals that the Moore Estate's expert Keane testified that some issues suggested a multiplier of 2.5. These factors are adequate to support a conclusion that a multiplier of 2.5 was appropriate. Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990). We also note the trial *808 judge's comment that he could not ignore the manifest, if not obstinate, recalcitrance of State Farm. We conclude that there was sufficient evidence for the court to apply a 2.5 multiplier.
We find no merit to the Moore Estate's cross-appeal in which it argues that this case is the truly extraordinary type Quanstrom I public policy case in which the contractual caps of Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985) should not apply.
Affirmed and remanded with instructions.
SCHEB, A.C.J., and LEHAN, J., concur.