629 So.2d 830 (1993)
STATE FARM FIRE & CASUALTY CO., Petitioner,
v.
Margarita J. PALMA, Respondent.
No. 78766.
Supreme Court of Florida.
December 23, 1993.
Charles W. Musgrove, and Stephen C. McAliley, West Palm Beach, for petitioner.
Ronald V. Alvarez, Ronald V. Alvarez, P.A., and Larry Klein, Klein & Walsh, P.A., West Palm Beach, for respondent.
HARDING, Justice.
We have for review State Farm Fire & Casualty Co. v. Palma, 585 So.2d 329 (Fla. 4th DCA 1991), based on conflict with State Farm Mutual Automobile Insurance Co. v. Moore, 597 So.2d 805 (Fla. 2d DCA 1992). We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution.
This case has been before the Fourth District Court of Appeal three times and is currently making its second appearance before this Court. Margarita Palma (Palma) was injured in a car accident and sought nofault benefits from her insurance company, State Farm Fire & Casualty Co. (State *831 Farm). When Palma submitted the bill for a $600 thermographic examination, State Farm refused to pay. Palma brought suit against State Farm, which answered that it was not required to pay for the thermographic examination because this treatment did not constitute a necessary medical service. The trial judge agreed with State Farm and refused to order payment.
On appeal, the Fourth District Court of Appeal reversed the trial judge's ruling and remanded the case for entry of a judgment in favor of Palma and to determine and award costs and attorney's fees incurred in the proceedings before the trial court and on appeal. Palma v. State Farm Fire & Casualty Co., 489 So.2d 147 (Fla. 4th DCA), rev. denied, 496 So.2d 143 (Fla. 1986). On remand, the trial court awarded Palma attorney's fees for both the trial and the appeal. State Farm appealed to the district court, which affirmed the award of attorney's fees for Palma, entered an order granting Palma's motion for attorney's fees for that appeal, and remanded the cause in order for the trial court to determine the appropriate amount. State Farm Fire & Casualty Co. v. Palma, 524 So.2d 1035 (Fla. 4th DCA 1988). On review, this Court approved the district court's decision and remanded to the trial court for a determination of entitlement and the amount of fees. State Farm Fire & Casualty Co. v. Palma, 555 So.2d 836 (Fla. 1990).
On remand, the trial court awarded Palma attorneys' fees for services rendered in both the district court and this Court, finding that they were proper under section 627.428, Florida Statutes (1983). The trial court also applied a contingency fee multiplier of 2.6, finding that this was the law of the case. State Farm again appealed to the Fourth District Court of Appeal, questioning the propriety of the awards. The district court found that the issue of entitlement was no longer open to question because in the earlier appeal the district court had granted Palma's motion for attorney's fees and only left the amount of fees for the trial court's determination. Palma, 585 So.2d at 330. However, the district court noted that the issue of fees for services in this Court was not as clear cut because this Court's order remanded to determine both entitlement and amount. Id. at 331. Notwithstanding this observation, the district court affirmed the trial court's ruling as to the entitlement issue for services performed in both the district court and this Court. However, the court found that the trial court's use of the 2.6 multiplier was improper as it exceeded the range established by Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990), which had been decided eight months prior to the entry of the appealed final order. The district court reversed on that issue and remanded for a new determination of the amount of attorneys' fees to be awarded in light of Quanstrom. Palma, 585 So.2d at 333-34.
This Court granted State Farm's petition for review on the basis of conflict with Moore. In Moore, the Second District Court of Appeal held that time spent litigating the issue of attorney's fees is not compensable. 597 So.2d at 807. In the instant case, the district court held that the attorney's fees can be awarded for the time spent litigating the issue of fees. 585 So.2d at 333. Several other district courts have also permitted recovery of attorney's fees incurred in litigating the issue of fees. See Ganson v. State, Dep't of Admin., 554 So.2d 522, 525 (Fla. 1st DCA 1989) ("[I]t also appears to be well settled that attorney fees may also be recoverable for the time spent litigating entitlement to attorney fees."), quashed on other grounds, 566 So.2d 791 (Fla. 1990); Tiedeman v. City of Miami, 529 So.2d 1266, 1267 (Fla. 3d DCA 1988) ("[A]ttorney's fees were properly awardable under the ... statute for, among other things, litigating the amount of fee to be awarded[.]"); Gibson v. Walker, 380 So.2d 531 (Fla. 5th DCA 1980) (finding that even though claim was limited to the recovery of attorney's fees, it was still a claim under the policy and insured was entitled to recover attorney's fees through the final judgment). In contrast, the Second District Court of Appeal has held that such fees will not be allowed where "the prevailing party has no interest in the fee recovered." U.S. Sec. Ins. Co. v. Cole, 579 So.2d 153, 154 (Fla. 2d DCA 1991); accord B & L Motors, Inc. v. Bignotti, 427 So.2d 1070, 1073-74 (Fla. 2d DCA 1983), disapproved on other grounds, *832 Travieso v. Travieso, 474 So.2d 1184 (Fla. 1985).
This Court has followed the "American Rule" that attorney's fees may be awarded by a court only when authorized by statute or by agreement of the parties. See Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1148 (Fla. 1985), modified, Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990). The statute at issue in this case provides:
Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which recovery is had.
Section 627.428(1), Fla. Stat. (1983).
The statute clearly provides that attorney's fees shall be decreed against the insurer when judgment is rendered in favor of an insured or when the insured prevails on appeal. As this Court stated in Insurance Co. of North America v. Lexow, 602 So.2d 528, 531 (Fla. 1992), "[i]f the dispute is within the scope of section 627.428 and the insurer loses, the insurer is always obligated for attorney's fees." Thus, the issue presented in this case is when does a dispute relating to attorney's fees fall within the scope of section 627.428.
While this Court has not addressed this particular issue under section 627.428, we have approved an award of fees for litigating entitlement to attorney's fees in a worker's compensation case. See Crittenden Orange Blossom Fruit v. Stone, 514 So.2d 351 (Fla. 1987). In approving that award, the Court characterized the fees as "a substantial benefit to the claimant." Id. at 353. The Second District Court of Appeal has applied a similar rule in insurance cases by disallowing statutory attorney's fees for litigating the issue of attorney's fees "when ... the prevailing party has no interest in the fee recovered." Cole, 579 So.2d at 154; accord Moore, 597 So.2d at 807.
The Fourth District Court of Appeal approved statutory attorney's fees under section 627.428 in a case where the only issue was entitlement to fees. Cincinnati Ins. Co. v. Palmer, 297 So.2d 96 (Fla. 4th DCA 1974). In Cincinnati, the insurance company paid the proceeds of the policy only after the insured brought suit on the policy. This voluntary payment rendered moot all issues other than the question of attorney's fees, which the insurance company refused to pay. The trial court awarded attorney's fees and costs to the insured. On appeal, the insurance company argued that no "judgment" had been entered on the policy and thus section 627.428 was not applicable. Finding that the terms of the statute are a part of every insurance policy issued in Florida, the district court concluded that the relief sought was both the policy proceeds and the attorney's fees. Thus, as long as the insurance company refused to pay any part of the relief sought, the action constituted a claim under the policy. Id. at 99.
Because the statute applies in virtually all suits[1] arising under insurance contracts, we agree with the Cincinnati court that the terms of section 627.428 are an implicit part of every insurance policy issued in Florida. When an insured is compelled to sue to enforce an insurance contract because the insurance company has contested a valid claim, the relief sought is both the policy proceeds and attorney's fees pursuant to section 627.428. The language of subsection (3), which provides that "compensation or fees of the attorney shall be included in the judgment or decree rendered in the case[,]" also supports this conclusion. Section 627.428(3), Fla. Stat. (1983).
Thus, if an insurer loses such a suit but contests the insured's entitlement to attorney's *833 fees, this is still a claim under the policy and within the scope of section 627.428. Because such services are rendered in procuring full payment of the judgment, the insured does have an interest in the fee recovered. Accordingly, we hold that attorney's fees may properly be awarded under section 627.428 for litigating the issue of entitlement to attorney's fees.
However, we do not agree with the district court below that attorney's fees may be awarded for litigating the amount of attorney's fees. The language of the statute does not support such a conclusion. Such work inures solely to the attorney's benefit and cannot be considered services rendered in procuring full payment of the judgment.
We recognize that federal courts that have addressed the issue have not distinguished between entitlement to attorney's fees and the amount of attorney's fees, but instead permit fees for the entire time spent on the issue. See generally Marguerite H. Davis & Judge James C. Hauser, A Plea for Uniformity, 64 Fla.B.J., Apr. 1990, at 33 (reviewing both federal and state case law relating to the issue of whether a prevailing party may recover attorney's fees for litigating the issue of attorney's fees). In awarding fees for litigating all issues relating to attorney's fees, the federal courts have noted that such awards comport with the purpose behind most statutory fee authorizations, namely to encourage attorneys to represent indigent clients. See, e.g., Prandini v. National Tea Co., 585 F.2d 47, 53 (3d Cir.1978) (awarding fees in a Title VII class action).
Florida courts, including this Court, have consistently held that the purpose of section 627.428 is "to discourage the contesting of valid claims against insurance companies and to reimburse successful insureds for their attorney's fees when they are compelled to defend or sue to enforce their insurance contracts." Lexow, 602 So.2d at 531. Our conclusion that statutory fees may be awarded for litigating the issue of entitlement to attorney's fees but not the amount of attorney's fees comports with the purpose of section 627.428 and with the plain language of the statute. If the scope of section 627.428 is to be expanded to include fees for time spent litigating the amount of attorney's fees, then the Legislature, rather than this Court, is the proper party to do so.
State Farm raises two issues relating to the use of a contingency risk multiplier in determining the amount of fees applicable. The final judgment of the trial court provided that "[b]ased upon the law of this case, the contingency risk multiplier of 2.6 is applicable." State Farm argues that it is unclear whether the trial court erroneously assumed that the application of a multiplier was mandatory and that the district court should have directed the trial judge to reconsider whether a multiplier was appropriate at all. The district court concluded that "just because the trial court found 2.6 to be the proper multiplier as determined by the law of the case does not unequivocally show that it considered use of the multiplier mandatory as established by the earlier appeal." Palma, 585 So.2d at 333. However, the district court did reverse the final judgment of the trial court with directions to apply the range of multipliers established in Quanstrom because the 2.6 multiplier exceeded that range.
We agree with the district court on both points. The application of a contingency fee multiplier is discretionary with the trial court. Quanstrom, 555 So.2d at 831. Although the trial court's order in this case provides that the multiplier rate was based on the law of the case, there is no indication that the trial court considered the application of a multiplier mandatory. Furthermore, we find that the trial court's application of a multiplier was proper because of the extraordinary circumstances present. However, we agree with the district court that the 2.6 multiplier was not proper. In Quanstrom, this Court modified the decision in Rowe to allow a multiplier from 1 to 2.5. This modification was applicable "to all cases in which the trial court has not set attorney's fees as of the date this opinion is released [January 11, 1990]." Quanstrom, 555 So.2d at 834. The trial court entered the final order at issue here on August 22, 1990, approximately eight months after the release of Quanstrom. Thus, we agree with the district court that Quanstrom is applicable, and the multiplier should not have exceeded 2.5.
*834 Accordingly, we quash the decision below to the extent that it authorizes attorney's fees under section 627.428 for litigating the amount of fees. We also disapprove Moore to the extent that it can be read as not permitting attorney's fees for litigating entitlement to fees. We remand the case with directions that the trial court redetermine the attorney's fees pursuant to the rationale of this opinion.
It is so ordered.
OVERTON, McDONALD and GRIMES, JJ., concur.
KOGAN, J., concurs in part and dissents in part with an opinion, in which BARKETT, C.J. and SHAW, J., concur.
KOGAN, Justice, concurring in part, dissenting in part.
I cannot agree that attorneys fees are unavailable for litigating the amount of those fees even though, as the majority concedes, fees may be awarded for litigating the entitlement to the fees. In actual practice, the two issues are inextricable, and I believe the majority is expecting the legislature to draft legislation with a distinction far more fine than we have required in other contexts. The purpose of the attorneys fees legislation is to make legal representation more widely available to those who need it. The federal courts have recognized this and have adopted a rule in harmony with what I am advocating here. I would adhere to the federal view as a matter of state law. There is no sound reason in policy or in statutory construction to depart from the view used by the largest court system in this nation. Otherwise, I concur with the majority.
BARKETT, C.J., and SHAW, J., concur.
NOTES
[1] No attorney's fees are allowed in suits based on claims arising under life insurance policies or annuity contracts "if such suit was commenced prior to expiration of 60 days after proof of the claim was duly filed with the insurer." Section 627.428(2), Fla. Stat. (1983).