687 So.2d 970 (1997)
DEPARTMENT OF TRANSPORTATION, State of Florida, Appellant,
v.
WINTER PARK GOLF CLUB, INC., et al., Appellees.
No. 95-2897.
District Court of Appeal of Florida, Fifth District.
February 18, 1997.
Thornton J. Williams, General Counsel, and Marianne A. Trussell, Assistant General Counsel, Department of Transportation, Tallahassee, for Appellant.
Michael P. McMahon and Erik E. Hawks of Akerman, Senterfitt & Eidson, P.A., Orlando, for Appellee Winter Park Pines Condominium Association, Inc.
No Appearance for other Appellees.

EN BANC
COBB, Judge.
The Department of Transportation (DOT) appeals the trial court's award of $67,000.00 as an attorney's fee and $27,862.50 as an appraisal fee in an aborted eminent domain action wherein the DOT initially took, and then relinquished, a ten foot easement for a sidewalk in Winter Park, Florida. The strip taken was from the rear of property owned by the Winter Park Pines Condominium (hereinafter the condominium), which is comprised of 33 units. The property partially abuts Semoran Boulevard, a busy traffic thoroughfare, and is already subject to a 75 foot drainage easement taken by Orange *971 County in 1981. The county easement, which is separated from the condominium by a six foot stockade fence, is comprised of a narrow grassy area, a large drainage canal, and an undulating earthen berm with trees and vegetation thereon. The condominium contended that installation of the sidewalk would destroy the berm and vegetative barrier between its rear fence and Semoran Boulevard, thereby exposing it to unsightly traffic and noise. The condominium marshalled evidence that destruction of the berm and vegetative barrier would cause a substantial reduction in the market value of the units.
Subsequent to the quick taking, the DOT decided to relinquish the easement to the condominium. There was evidence that the condominium's substantial claim for severance damages was a motivating factor in the DOT decision to construct the sidewalk elsewhere. A stipulated final judgment was entered, the initial DOT deposit of $1,500.00 was retained by the condominium for the temporary taking, and the order of taking was vacated. The stipulated judgment also provided that DOT would pay the condominium's reasonable costs and attorney's fees.
The parties were unable to agree on the amount of fees for the appraiser and attorney retained by the condominium. At a hearing held on the fee issues, there was conflicting testimony on these amounts. In arriving at the attorney's fee award, the trial court arrived at a lodestar figure of $43,772 and adjusted this amount upward based upon the benefit received by the landowners.
We find error only in respect to the award of that portion of the attorney's fee that was based on time spent in litigating the correct amount of the fee to be awarded. See State Farm Fire and Casualty Company v. Palma, 629 So.2d 830 (Fla.1993); Seminole County v. Butler, 676 So.2d 451 (Fla. 5th DCA 1996).[1] The amount of such time (49.9 hours) subtracted from the total hours found to be reasonable by the trial court (218.2 hours) results in a corrected figure of 168.3 hours. Utilizing this latter figure and the reasonable hourly rate found by the trial court ($225 per hour), results in a $5,854.50 reduction of the attorney's fee award to the corrected figure of $61,145.00.
AFFIRMED AS MODIFIED.
PETERSON, C.J., and DAUKSCH, W. SHARP, HARRIS, THOMPSON and ANTOON, JJ., concur.
GRIFFIN, J., concurs in part and dissents in part with opinion, with which GOSHORN, J., concurs.
GRIFFIN, Judge, concurring in part; dissenting in part.
I continue to believe that the now orphaned footnote two in the Delco case was correct in concluding that the rationale of Palma for not allowing fees for litigating fees, i.e. that the party entitled to recover attorney's fees has no stake in the amount of the fee awarded by the court, does not apply under a statutory scheme like the one applicable in Delco and this case. Section 73.091, Florida Statutes (1993), provides that: "[T]he petitioner shall pay all reasonable costs of the proceedings in the circuit court, including, but not limited to, a reasonable attorney's fee ...." (emphasis supplied). Under the statutory scheme involved here, the legislature plainly contemplated that the fee assessed against the condemning authority might be different from (and greater than) the fee the landowner might be obligated to pay the attorney. What else could section 73.092(5) mean:
The amount of attorney's fees to be paid by the defendant pursuant to a fee agreement entered into between the defendant and his attorney must be reduced by the amount of any attorney's fees awarded by the court.
§ 73.092(5), Florida Statutes (1993). If the landowner gets a credit against his fee obligation to his attorney for every dollar charged to the condemnor, then the client cannot be indifferent to the fee amount, as was the case in Palma. For this reason, I believe it is a mistake to recede from the holding in Delco. Nevertheless, the result reached by the majority is probably correct *972 under Palma since the fee agreement in this case admirably but atypically provides that counsel would receive fees at the end of the case in accordance with the court's award.
GOSHORN, J., concurs.
NOTES
[1] To the extent that contrary language appears in Seminole County v. Delco Oil, Inc., 669 So.2d 1162 (Fla. 5th DCA 1996), note 2, we hereby recede from that language.