712 So.2d 1141 (1998)
ORUGA CORPORATION, INC., on behalf of itself and all others similarly situated, Appellant,
v.
AT&T WIRELESS OF FLORIDA, INC., a Florida Corporation, Appellee.
No. 97-2797.
District Court of Appeal of Florida, Third District.
June 10, 1998.
*1142 Robles & Gonzalez and Michael Pfundstein, Jack Reise and Ervin Gonzalez, Miami, for appellant.
Ackerman, Link & Sartory and Julie E. Fox and David Ackerman, West Palm Beach, for appellee.
Before NESBITT, GREEN and FLETCHER, JJ.
GREEN, Judge.
We have before us on the main appeal of this cause the issue of whether the offer of judgment statute, section 768.79, Florida Statutes (1995), is applicable to offers made to representatives of class action suits. On the cross appeal, we have the issue of whether an attorney's fees award made pursuant to section 768.79, may include fees incurred for the prosecution of the amount of attorney's fees. We conclude that: (1) section 768.79, as presently written, applies to all civil actions, including class actions; and (2) an attorney's fee award made pursuant to this section may not include fees for litigating the amount of attorney's fees. Accordingly, we affirm both the main and cross appeals.
The class action complaint was originally filed on June 13, 1995, by the law firm of John H. Ruiz, P.A. against AT&T Wireless Services, Inc. f/k/a McCaw Cellular Communications, Inc. ("AT&T") and Virginia Surety Company, Inc. ("Virginia Surety"). According to its allegations, Mr. Ruiz purchased a cellular telephone from AT&T. The telephone was insured by Virginia Surety. The telephone was subsequently stolen from Mr. Ruiz' automobile and AT&T and/or Virginia Surety refused to replace the same. Ruiz's three count class action complaint was for breach of contract, petition for declaratory relief and conspiracy to defraud. AT&T moved to dismiss the complaint. By an agreed order dated October 25, 1995, Ruiz was permitted to file an amended complaint. Ruiz then filed an amended three count class action complaint for breach of contract, petition for declaratory relief and conspiracy to defraud. AT&T again moved to dismiss the amended complaint based on inter alia, its argument, that the allegations were legally insufficient for the certification of a class.
*1143 Shortly after filing its motion to dismiss the amended complaint, AT&T served an offer of judgment/settlement pursuant to section 768.79 upon Ruiz for six hundred and twenty-five dollars ($625). This figure represented the replacement value of the stolen cellular telephone. Ruiz never responded to this offer. Rather, after an agreed upon dismissal of the amended complaint without prejudice was entered, Ruiz filed a three count second amended complaint which substituted the appellant, Oruga Corp., Inc., as the named plaintiff. Both AT&T and Virginia Surety thereafter filed their respective motions to dismiss the second amended complaint. On July 23, 1996, the lower court granted AT&T's motion to dismiss with prejudice; no appeal was taken from this order of dismissal.
AT&T then filed a motion for attorney's fees and costs based upon the appellant's rejection of its offer of judgment pursuant to section 768.79. After a hearing on the motion, the lower court entered an order awarding AT&T five thousand dollars ($5000) as its reasonable attorney's fees and five hundred dollars ($500) in costs. The court, however, declined to award AT&T its fees for litigating the amount of attorney's fees. This appeal and cross appeal followed.
On the main appeal, the appellant asserts that the offer of judgment statute should not provide a basis for an award of attorney's fees and costs in class action suits. The offer of judgment statute provides in pertinent part that:
(1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by him or on his behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability....
§ 768.79(1), Fla. Stat. (1995). The appellant urges us to construe this statute as being inapplicable to offers of judgment made to class representatives in class action suits. Appellant points to the fact that a class representative has been found to be a fiduciary, see Austin v. Pennsylvania Dep't. of Corrections, 876 F.Supp. 1437, 1454 (E.D.Pa.1995), and as such, cannot have interests antagonistic to putative or actual class members, see White v. Deltona Corp., 66 F.R.D. 560, 562-63 (S.D.Fla.1975). Appellant argues that section 768.79 creates an inherent conflict of interest for a class representative in that while it may be personally alluring or advantageous for the representative to accept an offer of judgment to avoid potential personal exposure for substantial class action attorney's fees and costs, the offer of judgment may not necessarily be in the best interest of the remaining class members. In this case, for example, the appellant points out that while AT&T's $625 offer of judgment would have fully recompensed Mr. Ruiz for his losses, it would not have compensated the putative class members for their losses. Moreover, the appellant asserts that if section 768.79 is found to be applicable to class actions, defendants could effectively derail or moot out such suits by making offers of judgment to class representatives early on in the litigation when discovery may not have commenced and at a time when the representatives may have insufficient information as to the potential damages of the putative class.
At the outset, we acknowledge that the appellant raises some valid and legitimate concerns about applying the offer of judgment statute to class action representatives. Nevertheless, we conclude that we cannot, by judicial fiat, exempt class actions from section 768.79 whose plain and unambiguous language states that it is applicable to any civil action for damages. Indeed, "when the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." Holly v. Auld, 450 So.2d 217, 219 (Fla.1984) (citations omitted); accord Modder v. American Nat'l Life Ins. Co. of Tex., 688 So.2d 330, 333 (Fla.1997); Capers v. State, 678 So.2d 330, 332 (Fla.1996). Further, in the seminal Holly decision, the supreme court reiterated that the courts of this state are "without power to *1144 construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power." Holly, 450 So.2d at 219 (citation omitted)(emphasis in original).
There are no cogent reasons for us to believe that the express and literal meaning of section 768.79 does not accurately represent the legislative intent. Hence, we cannot, as appellant urges, limit this statute to all non class action civil suits for damages. Appellant cites us to the federal decision of Gay v. Waiters' and Dairy Lunchmen's Union, Local No. 30, 86 F.R.D. 500 (N.D.Cal. 1980), wherein that court construed the federal offer of judgment rule, Rule 68[1], to be inapplicable to class actions because of the conflict it created between the class representative's personal interests and fiduciary responsibilities to the remaining class members. We do not find the Gay decision to be controlling or persuasive in this case because the federal offer of judgment rule is a rule of procedure rather than a legislative enactment such as section 768.79. Consequently, the Gay court was not faced with the same constitutional restraints that we have before us in this case.
The appellant alternatively asserts that even if section 768.79 is applicable to class actions, AT&T's offer of judgment was not made in good faith since it sought only to recompense the then class representative for his stolen telephone and not the remaining class members. For that reason, the appellant argues that this nominal offer of judgment cannot serve as a basis for an award of attorney's fees. We disagree.
At the time the offer was made, AT&T had a pending motion to dismiss the amended complaint for class certification. The sole count in this amended complaint against AT&T was for conspiracy to defraud.[2] In this count, it was essentially alleged that AT&T and the codefendant, Virginia Surety, fraudulently induced appellant and other similarly situated members of the putative class to enter into insurance agreements which purportedly represented that their cellular telephones would be replaced in the event that they were lost, stolen or damaged. As a basis for its motion to dismiss, AT&T correctly pointed out that this proposed class action violated Florida's longstanding Osceola fraud class action rule prohibiting fraud class action suits based upon separate agreements.[3]See Osceola Groves, Inc. v. Wiley, 78 So.2d 700, 702 (Fla.1955); see also Lance v. Wade, 457 So.2d 1008, 1011 (Fla.1984); Avila S. Condominium Ass'n, Inc. v. Kappa Corp., 347 So.2d 599, 608 (Fla. 1977); Southeast Bank, N.A. v. Almeida, 693 So.2d 1015, 1018 (Fla. 3d DCA 1997). Thus, at the time AT&T made its offer of judgment, AT&T had a reasonable basis in the law for believing that a class certification would never be sustained based upon the allegations then contained in the amended complaint. Consequently, its offer to make only the class representative whole for his losses, and not the putative class members, was entirely reasonable and consistent with an objective assessment of its liability in this cause. See generally Peoples Gas Sys., Inc. v. Acme Gas Corp., 689 So.2d 292, 300-01 *1145 (Fla. 3d DCA 1997). We therefore find the lower court correctly determined that AT&T was entitled to an award of attorneys fees and costs pursuant to section 768.79(1) and thus we affirm the same.
We turn now to the cross appeal wherein AT&T argues that the lower court erred in failing to award all of its attorney's fees incurred after a determination of its entitlement to fees was made. AT&T maintains that it is entitled to recoup its fees incurred in litigating the amount of fees under the broad language contained in section 768.79(6)(a), which reads in relevant part that: "[T]he defendant shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served[.]" § 768.79(6)(a), Fla. Stat. (1995). We disagree and find AT&T's argument to be foreclosed by the supreme court's decision of State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830 (Fla.1993).
We begin our analysis of the attorney's fees issue ever cognizant of the well established rule that: "[S]tatutes authorizing an award of attorney's fees are in derogation of the common law[;][t]herefore, such statutes must be strictly construed." Whitten v. Progressive Cas. Ins. Co., 410 So.2d 501, 505 (Fla.1982) (citation omitted); see also Ciaramello v. D'Ambra, 613 So.2d 1324, 1325 (Fla. 2d DCA 1991) (citation omitted). In Palma, the supreme court construed section 627.428(1), Florida Statutes,[4] which authorizes attorney's fees against an insurer when judgment is rendered in favor of an insured or when the insured prevails on appeal, as properly allowing an award of attorney's fees for litigating the issue of entitlement to fees, but not the amount of fees. See, 629 So.2d at 832. The court reasoned that its holding was in complete accord with the purpose of section 627.428, that is, "`to discourage the contesting of valid claims against insurance companies and to reimburse successful insureds for their attorney's fees when they are compelled to defend or sue to enforce their insurance contracts.'" Id. at 833 (citation omitted). The court further explained that if section 627.428 was to be expanded to include attorney's fees for time spent litigating the amount of attorney's fees, then the Legislature, rather than the judiciary, would be the proper party to do so. See id.
Since Palma, we have similarly construed section 57.105(1), Florida Statutes,[5] as not permitting an award of costs and attorney's fees for time spent litigating the amount of fees. See Eisman v. Ross, 664 So.2d 1128, 1129 (Fla. 3d DCA 1995). We see no reason why the same result should not obtain in our analysis of section 768.79. The obvious purpose of this statute is to encourage early good faith settlement negotiations between the parties to prevent unnecessary trials. See Aspen v. Bayless, 564 So.2d 1081, 1083 (Fla.1990). Through the imposition of attorney's fees and costs, the statute penalizes the party who thwarts its purpose by unnecessarily prolonging the litigation. We do not believe that an award of attorney's fees for litigating the amount of attorney's fees, comports with the purpose of this statute. Such work inures exclusively to the attorney's benefit and does not serve to encourage the parties to expeditiously resolve their differences short of a trial. See Palma, 629 So.2d at 833. We therefore decline to construe section 768.79 as permitting such fees.
*1146 For all of these reasons, we affirm the order under review on both the main and cross appeal.
Affirmed.
NOTES
[1] Rule 68 states in pertinent part that:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.
Fed.R.Civ.P. 68.
[2] The remaining counts for breach of contract and declaratory relief in the amended complaint were directed solely at the codefendant, Virginia Surety.
[3] The parties ultimately stipulated to an agreed order which dismissed this conspiracy to defraud count with prejudice. No appeal was taken from this order.
[4] This statute reads as follows:

(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which recovery is had.
§ 627.428(1), Fla. Stat. (1983).
[5] That section reads in relevant part that:

(1) The court shall award reasonable attorney's fees to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party[.]
§ 57.105(1) Fla. Stat. (1993).