HARRIS, J.
Santiago’s home was badly damaged when a water pipe burst. She contracted with appellee to make repairs. Incidental to the repairs, appellee removed and stored the contents of Santiago’s home. A dispute arose between Santiago and appel-lee and Santiago demanded the return of her personal property. Appellee filed a claim of lien for the work done on Santiago’s home but refused to return her personal property and instead held it as additional security.
Santiago filed a replevin action for the return of her property and prevailed. Shortly thereafter, appellee counterclaimed in the replevin action to enforce its lien. After appellee failed to comply with discovery demands and disobeyed a court order to do so, the court struck appellee’s pleadings. We are here now on the disposition of attorney’s fee requests and the propriety of the court’s striking appellee’s pleadings.
The court denied Santiago’s request for attorney’s fees for its replevin action. We agree with the trial court and affirm. Even though the property was removed in conjunction with a construction contract, we see no basis for the award.
On the defense of appellee’s counterclaim, the court found that Santiago’s lawyer had spent 33 hours and awarded a fee accordingly. There is no contest as to the amount so awarded but Santiago claims that the court should have included the additional 16 hours expended by her attorney in preparation to establish the amount of a reasonable fee. We affirm the trial court. See Department of Transportation v. Winter Park Golf Club, Inc., 687 So.2d 970 (Fla. 5th DCA 1997).
We agree with the trial judge that the dismissal’of appellee’s claim to enforce its lien because of a discovery violation negated Santiago’s affirmative defense of fraudulent lien because there remained insufficient pleadings before the court on which to base a decision. Santiago apparently failed to follow up on the court’s offer to permit an amendment to the pleadings. In any event, however, we do not agree that Santiago has waived her right under section 713.31, Fla. Stat., to file an independent action for fraudulent lien and seek the punitive damages therein provided. It is in that action that Santiago will have to establish her right to such an award. We agree there was no error in the court’s refusal to grant the expert witness fee in Santiago’s failed attempt to establish the right to punitive damages in this case. However, we believe Santiago, as the prevailing party, would be entitled to cost normally associated with litigation.
Finally, on the cross-appeal, we find no error in the court’s striking the appellee’s pleading for its failure to comply with the court’s order.
AFFIRMED in part; REVERSED in part and REMANDED.
W. SHARP, and PETERSON, JJ., concur.