LEVY, Judge.
The City of Miami Beach (“the City”) appeals from an Order granting Partial Summary Judgment in favor of Metropolitan Dade County (“the County”), wherein the trial court held that the County was entitled to a 2% cable franchise fee under the relevant cable television licenses. We reverse, finding that the County is only entitled to a 1% franchise fee.
Cable operators in Miami-Dade County are subject to a dual licensing system in which they must obtain a license from both the County and any municipality in which they intend to operate. Federal law limits the combined franchise fee that may be charged by the County and a municipality to 5% of the cable operators’ gross revenue. In 1978, UltraCom of Dade County, Inc. (“UltraCom”) was granted a 15 year non-exclusive license by both the City and the County to provide cable television services to the City of Miami Beach and also to some unincorporated areas outside the City. Under these licenses, UltraCom was required to pay a 3% franchise fee to the City and a 2% franchise fee to the County. In 1986, All-Rite Satellite, Inc. (“All-Rite”) obtained a non-exclusive license from both the City and the County to provide cable television services solely within the City of Miami Beach. All-Rite’s City license was for a term of 15 years, whereas All-Rite’s County license contained no expiration date. Under these licenses, All-Rite was required to pay a 4% franchise fee to the City and a 1% franchise fee to the County. In 1987, Ul-traCom purchased All-Rite and All-Rite’s City and County licenses were transferred to UltraCom. In 1988, Rifkin/Narragan-sett South Florida CATV Limited Partnership (“Rifkin”) purchased UltraCom and both the UltraCom and All-Rite licenses were transferred to Rifkin.
For a period of time, Rifkin continued to provide cable service to residents of the City under both the UltraCom and the All-Rite licenses and continued to pay the County and the City according to the licenses’ respective franchise fee structures. On September 15, 1992, the County renewed Rifkin’s UltraCom license before it was set to expire in 1993. However, Rif-kin and the City subsequently abandoned efforts to renew the City issued UltraCom license due to concerns over new rules promulgated by the Federal Communications Commission with respect to rate regulation. Instead, the City passed an ordinance executing an agreement between the City and Rifkin whereby the UltraCom license issued by the City was voluntarily terminated. At the time the City and Rifkin entered into this agreement, Rifkin provided cable to approximately 47,000 subscribers under the UltraCom licenses and provided cable to almost 2,700 subscribers under the All-Rite licenses. As a consequence of said agreement, all former UltraCom subscribers began receiving cable television service from Rifkin under *1049 the All-Rite licenses. However, pursuant to the All-Rite franchise fee structure, Rif-kin continued to pay a 4% franchise fee to the City and a 1% franchise fee to the County.
In 1992, section 8AA-16 of the Miami-Dade County Code was amended to establish a basic franchise fee split between the County and its municipalities wherein cable operators would pay a 3% franchise fee to the County and a 2% franchise fee to the municipality. Section 8AA-16(b) of said amendments contains a grandfather clause which provides, in relevant part:
... If, on September 15, 1992, a municipality was charging a license fee of four (4) percent, then, for as long as the municipality charges a license fee of four (4) percent, the County’s license fee for that licensee in that municipality shall be reduced to one (1) percent. If on September 15, 1992, a municipality was charging a license fee of three (3) percent, then, for as long as the municipality charges a license fee of three (3) percent, the County’s license fee for that licensee in that municipality shall be reduced to two (2) percent.
Thereafter, in reliance upon the grandfather clause, the County filed this suit alleging that the County was still entitled to a 2% franchise fee for cable television services provided to Rifkin’s subscribers in the City of Miami Beach by virtue of the franchise fee structure contained in the UltraCom licenses. In contrast, the City alleged that the County was only entitled to a 1% franchise fee pursuant to franchise fee. structure contained in the All-Rite licenses. The City alleged that, as the Ul-traCom license issued by the City had been voluntarily terminated, Rifkin could only operate in the City under the All-Rite licenses; hence, the 4%/l% franchise fee split in favor of the City.
Both the County and the City moved for Summary Judgment on the grounds noted above. On February 3, 1999, the trial court entered an Order granting Partial Summary Judgment in favor of the County. The court held that the County was owed a 2% franchise fee under the Ultra-Com franchise fee structure because Rif-kin’s UltraCom licenses, not Rifkin’s All-Rite licenses, were grandfathered in under the aforementioned grandfather clause. In holding that the All-Rite licenses were not grandfathered in under section 8AA-16(b) of the Miami-Dade County Code, the lower court found that it would be eminently unjust to allow the City to continue receiving a 4% franchise fee from Rifkin under the All-Rite licenses because, as a consequence of the voluntary termination of the City issued UltraCom cable license, all 47,000 former UltraCom subscribers began receiving cable television services from Rifkin under the All-Rite licenses. This appeal ensued.
We find that the trial court erred by holding that the All-Rite licenses were not grandfathered in under section 8AA-16(b) of the Miami-Dade County Code. When interpreting section 8AA-16(b), the trial court failed to give the grandfather clause its plain and obvious meaning. See Holly v. Auld, 450 So.2d 217, 219 (Fla.1984) (finding that statutes must be given their plain meaning); see also Oruga Corp., Inc. v. AT & T Wireless of Florida, Inc., 712 So.2d 1141, 1143 (Fla. 3d DCA 1998). Section 8AA-16(b) simply grandfathered in license fee structures that were already in existence as of September 15, 1992. In the instant matter, the All-Rite licenses were issued prior to September 15, 1992 and have not yet expired. Accordingly, when the County amended section 8AA-16 of the Miami-Dade County Code in 1992, Rifkin’s All-Rite licenses were grandfathered in under the grandfather clause. Pursuant to the franchise fee structure contained in Rifkin’s All-Rite cable television licenses', we find that the City was entitled to continue receiving a 4% franchise fee and the County only a 1% franchise fee.
Moreover, contrary to the findings of the trial court, we hold that the voluntary termination of the City issued UltraCom *1050 license did not affect the City’s entitlement to a 4% franchise fee under the All-Rite licenses. We find it irrelevant that cable television subscribers, who previously received their cable service from Rifkin under the UltraCom licenses, subsequently began receiving their cable service from Rifkin under the Ail-Rite cable television licenses. Under the All-Rite licenses issued by the City and the County, Rifkin had the right to provide cable television service to anyone within the entire City of Miami Beach. At all times relevant in this case, the All-Rite licenses issued by the City and the County remained in effect as they had not yet expired or been revoked; thus, the City and Rifkin were not prevented from voluntarily terminating the City issued UtraCom license so that Rifkin would provide cable services to City residents solely under its All-Rite cable licenses.
In summary, we find that the All-Rite licenses were grandfathered in under section 8AA-16(b) of the Miami-Dade County Code and that, therefore, the City was entitled to receive a 4% franchise fee from Rifkin pursuant to the All-Rite license fee structure. Accordingly, we reverse the trial court’s Order granting Partial Summary Judgment in favor of the County and remand with directions for entry of Partial Summary Judgment in favor of the City.
Reversed and remanded.
FLETCHER, J., concurs.