FULMER, Judge.
Dr. Harvey Moore, the plaintiff in the trial court, appeals a final judgment granting his motion for attorney’s fees and costs, but in an amount below what he requested. The issue on appeal is the amount of attorney’s fees to which Dr. Moore is entitled. We find merit in his challenge to the trial court’s denial of fees for litigating entitlement to fees and reverse on this point.
Dr. Moore is a litigation and jury consultant. He entered into a contract with Excal to provide professional services. A dispute arose between the parties which resulted in three years of litigation. Dr. Moore prevailed in his suit against Excal and sought attorney’s fees and costs. The trial court determined that Dr. Moore was entitled to fees pursuant to a prevailing party provision in his contract with Excal, and conducted a two-day evidentiary hearing to determine the amount of attorney’s fees and costs to be awarded. The trial *1063 court entered a 21-page order setting forth findings of fact and conclusions of law, granting some of the fees and costs requested and denying others. Although we reverse part of the trial court’s order, we commend the trial court for its efforts to explain its rulings and comply with the dictates of Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985).
On appeal, Dr. Moore raises three challenges to the fee award. Because we may not substitute our judgment for that of the trial court on findings of fact that are supported by competent, substantial evidence,[1] and because we find no clear abuse of discretion, we affirm as to the first two challenges.[2] After review of the record, however, we conclude that the trial court erred in its denial of fees for the time Dr. Moore spent litigating entitlement to fees. The trial court ruled that Dr. Moore could not recover fees incurred by his attorneys in litigating entitlement to their fees, relying on State Farm Mutual Automobile Insurance Co. v. Moore, 597 So.2d 805 (Fla. 2d DCA 1992), disapproved of by State Farm Fire & Casualty Co. v. Palma, 629 So.2d 830 (Fla.1993). Applying this conclusion to its calculations, the trial court explained that, “[ajccordingly, those fees related to litigating entitlement have not been awarded since it is the attorneys, rather than Plaintiff, who have an ‘interest’ in the fees and will benefit from recovery thereof.”
We disagree with the trial court’s conclusion that Dr. Moore did not have an interest in the fees. The attorney seeking fees will always have an interest in the fees and, therefore, the attorney’s interest is not a dispositive factor in determining entitlement. The focus of the trial court’s inquiry for the purpose of determining whether the plaintiff has the requisite interest is whether the plaintiff is obligated to pay his or her attorney for the work performed in recovering fees. See Higley South, Inc. v. Quality Engineered Installation, Inc., 632 So.2d 615 (Fla. 2d DCA 1994), quashed on other grounds, 670 So.2d 929 (Fla.1996); National Portland Cement Co. v. Goudie, 718 So.2d 274 (Fla. 2d DCA 1998). Here, Dr. Moore had an obligation to pay his attorneys for all work performed. Any fees recovered from Ex-cal would relieve Dr. Moore to the same extent. Thus, the trial court erred by excluding the fees requested for seeking entitlement to fees. Accordingly, we reverse and remand for the trial court to enter an amended final judgment that includes an award of fees for the time spent litigating entitlement to fees.
Affirmed in part, reversed in part and remanded with directions.
ALTENBERND, A.C.J., and DAVIS, J., Concur.

. See First Fed. Sav. & Loan Ass'n of the Palm Beaches v. Bezotte, 740 So.2d 589 (Fla. 4th DCA 1999), review denied, 753 So.2d 563 (Fla. 2000).

. See DiStefano Constr., Inc. v. Fidelity & Deposit Co. of Maryland, 597 So.2d 248 (Fla.1992).