998 So.2d 636 (2008)
Felipe OQUENDO and Isora Oquendo, Appellants,
v.
CITIZENS PROPERTY INSURANCE CORP., Appellee.
No. 3D07-2522.
District Court of Appeal of Florida, Third District.
November 26, 2008.
Rehearing and Rehearing En Banc Denied January 23, 2009.
*637 Ligman Martin and Michael R. Seward, for appellants.
Groelle & Salmon and Gina L. Clausen, for appellee.
Before COPE, CORTIAS, and LAGOA, JJ.
COPE, J.
This is an appeal from a final judgment denying, in part, a motion for trial court attorney's fees under section 627.428, Florida Statutes (2005). We affirm.
Felipe and Isora Oquendo were the insureds under a homeowners' insurance policy issued by Citizens Property Insurance Corp. Their home was destroyed by fire. The insureds brought suit against the insurer and recovered judgment in the trial court.
The insureds sought an award of attorney's fees under section 627.428. The insurer contested both entitlement[1] and amount. The trial court ruled in the insureds' favor on entitlement and conducted an evidentiary hearing to set the amount. The trial court awarded attorney's fees for time reasonably expended in the trial phase of the litigation, and also made an award for the time expended on the issue of entitlement. The trial court denied "fees for fees," that is, attorney's fees for preparing for, and participating in, the evidentiary hearing to set the amount of attorney's fees. The insureds have appealed the judgment insofar as it denied "fees for fees."
The Florida Supreme Court has "held that attorney's fees may properly be awarded under section 627.428 for litigating the issue of entitlement to attorney's fees, but not for litigating the amount of attorney's fees." Lugassy v. Indep. Fire Ins. Co., 636 So.2d 1332, 1336 (Fla.1994) (citing State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830 (Fla.1993)).
The insureds argue, however, that this case is distinguishable because the insureds' retainer agreement with counsel includes the following:
The Client agrees to compensate Joseph W. Ligman, P.A. $350.00 per hour for any time, costs, and effort for litigating the amount of court awarded attorneys' fees if the court does not award attorney's fees for time spent litigating the amount of attorney's fees.
The insureds contend that since they are obligated to pay their counsel for the time spent in litigating the amount of attorney's fees, it follows that the insureds are entitled to recover those amounts under section 627.428. They point out that Palma was based, in part, on the proposition that litigating the amount of attorney's fees *638 "inures solely to the attorney's benefit and cannot be considered services rendered in procuring full payment of the judgment." Palma, 629 So.2d at 833. The insureds assert that since they are obligated under their retainer agreement to pay counsel for time expended in litigating the amount of attorney's fees, it follows that making such an award in this case is for the benefit of the insureds, not just the attorneys.
We do not agree with the insureds' argument. The Palma decision was based in part on statutory construction. Id. ("The language of the statute [ß 627.428] does not support such a conclusion [that attorney's fees may be awarded for litigating the amount of attorney's fees].") (emphasis added). Since Palma is based both on (a) statutory interpretation, and (b) the proposition that litigating the amount of fees inures solely to the attorney's benefit, id., the fact that the retainer agreement in this case has a "fees for fees" provision makes no difference.
The Fourth and Fifth Districts have rejected the argument that the insureds make here. See Paladyne Corp. v. Weindruch, 867 So.2d 630, 634 (Fla. 5th DCA 2004) ("Mr. Weindruch attempts to avoid the holding in these cases by suggesting that his attorney's fee contract gives him an interest in the recovery of the fee. First of all, we find nothing in the attorney's fee contract that would avoid the holding of Palma. Secondly, as we pointed out in Mangel, the litigant's fee arrangement with his or her attorney is `not determinative of the fees he is entitled to recover as reasonable attorney's fees'"); Mediplex Constr. of Fla., Inc. v. Schaub, 856 So.2d 13, 14-15 (Fla. 4th DCA 2003) (based on the attorney's fee agreement, the plaintiffs "attempt[ed] to differentiate Palma on the basis that they, unlike the client in Palma, directly benefited from the time their counsel spent litigating the amount of attorney's fees.... Certainly we recognize that fees for fees may not always inure to the exclusive benefit of the lawyer, but Palma still applies."); Mangel v. Bob Dance Dodge, Inc., 739 So.2d 720, 724 (Fla. 5th DCA 1999) ("Mangel also argues that he has an interest in passing his fee obligations on to defendants, since his fee agreement with Blau required Mangel to pay Blau for the time spent litigating both entitlement to and the amount of his fees. This contractual provision is apparently designed to avoid the rule of State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830 (Fla.1993). Mangel therefore asserts that he should be able to recover Blau's fees as part of his `reasonable fees.' However, Mangel's own fee arrangement with Blau is not determinative of the fees he is entitled to recover as reasonable attorney's fees.").[2]
We follow the Fourth and Fifth Districts and affirm the trial court's order denying "fees for fees."
Affirmed.
CORTIAS, J. (concurring).
I concur with the majority because we are bound by State Farm Fire & Casualty *639 Co. v. Palma, 629 So.2d 830 (Fla.1993). However, I write to highlight and address the potential problems that may arise from the Palma decision. The Florida Supreme Court explained that attorney's fees for litigating the amount of attorney's fees are not recoverable because:
The language of the statute does not support such a conclusion. Such work inures solely to the attorney's benefit and cannot be considered services rendered in procuring full payment of the judgment.
Palma, 629 So.2d at 833.
Palma further stated:
Florida courts, including this Court, have consistently held that the purpose of section 627.428 is "to discourage the contesting of valid claims against insurance companies and to reimburse successful insureds for their attorney's fees when they are compelled to defend or sue to enforce their insurance contracts." Lexow, 602 So.2d at 531. Our conclusion that statutory fees may be awarded for litigating the issues of entitlement to attorney's fees but not the amount of attorney's fees comports with the purpose of section 627.428 and with the plain language of the statute.
Palma, 629 So.2d at 833.
The pertinent portion of section 627.428 provides as follows:
(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
Section 627.428(1), Florida Statutes (emphasis added).
Based upon the plain language of the statute, it is clear that the legislature intended that an insured or beneficiary is entitled to a reasonable amount of attorney's fees should it be the prevailing party in litigation against its insurer. Palma and its progeny agree on this point. However, because the object of such entitlement is the "reasonable sum as fees or compensation for the insured's or beneficiary's attorney," it is difficult to reconcile how a prevailing party can be awarded fees expended in the determination of "entitlement" while being disallowed recovery of fees for litigating what constitutes a "reasonable sum" under the facts of a particular case. This conundrum was examined in the partial dissent in Palma and subsequent cases.
In his partial dissent, Justice Kogan pointed out:
I cannot agree that attorneys fees are unavailable for litigating the amount of those fees even though, as the majority concedes, fees may be awarded for litigating the entitlement to the fees. In actual practice, the two issues are inextricable, and I believe the majority is expecting the legislature to draft legislation with a distinction far more fine than we have required in other contexts. The purpose of attorneys fees legislation is to make legal representation more widely available to those who need it. The federal courts have recognized this and have adopted a rule in harmony with what I am advocating here. I would adhere to the federal view as a matter of state law. There is no sound reason in policy or in statutory construction *640 to depart from the view used by the largest court system in this nation.
Palma, 629 So.2d at 834 (Kogan, J., dissenting in part, concurring in part).
Similarly, Judge Farmer stated in his concurring opinion in Citibank Federal Savings Bank v. Sandel, 766 So.2d 302 (Fla. 4th DCA 2000):
The statute in Palma, section 627.428, provided that the insured was entitled to "a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which recovery is had." [emphasis supplied] It is thus a reasonable fee authorized by this statute. If the carrier disputes the reasonableness of the amount of the fees sought by the insured, that issue cannot be settled without being litigated. If it must be litigated, it is perforce an issue in the case. Nothing in the statutes precludes fees for litigating the amount of the authorized reasonable fee.
Id. at 304 (Farmer, J., concurring).
Section 627.428(1) provides that a prevailing insured shall receive a "reasonable sum as fees or compensation" for his or her attorney, but contains no language specifying that the fees incurred in litigating the reasonableness of the amount may be excised from the amount of attorney compensation which the insured is entitled to recover. As stated by Judge Farmer in his dissent in Mediplex Construction of Florida, Inc. v. Schaub, 856 So.2d 13 (Fla. 4th DCA 2003), "[a]lthough the statute does not explicitly refer to fees-for-fees, compensating the insured for having to fight the issue of the amount of fees is well within the statutory purpose of making the insured whole for having to sue the carrier for policy benefits." Id. at 17, n. 3. Furthermore, the statute contemplates compensating the attorney and it logically follows that, absent any language to the contrary, this compensation would encompass the conclusion of judicial labor.
It is important to also note that inherent in the preclusion of awards for attorney's fees is the possibility that the insurer, who is generally in a financially superior position to the insured, may needlessly challenge the reasonableness of fees in order to force the insured to accept a significantly reduced fee amount. This scenario can easily arise in cases such as the one before us where the retainer agreement specifically provides that the insured is responsible for the payment of fees incurred in litigating the amount of fees. If the insured cannot recover the potentially large costs associated with litigating the amount of fees, accepting a significantly lower offer from an insurer may be more appealing when faced with the possibility of having any award of fees offset by the very fees necessary to establish the reasonableness of the amount.
In the case before us, Citizens challenged the insured's entitlement to fees, and then challenged the amount of fees to which the Oquendos were entitled. Citizens' fee expert opined that, at most, the Oquendos' attorney would have expended five to ten hours worth of attorney's fees even though Citizens itself incurred approximately three hundred hours of attorney's fees and Citizens' fee expert spent approximately fifteen hours reviewing the file. It is unfair to allow an insurer to offer a miniscule amount of fees, essentially creating the litigation necessary to establishing what is a "reasonable sum," and then avoid an award of attorney's fees on the ground that the amount of the fees is a benefit that inures to the attorney and not the insured. This position ignores the symbiotic relationship between attorney and client and how an award of fees does benefit clients insofar as it encourages attorneys to represent them. See Prandini *641 v. Nat'l Tea Co., 585 F.2d 47, 53 (3d Cir. 1978).
Frequently, in cases involving the award of attorney's fees, the issue of entitlement is litigated separately from the amount of fees. Perhaps the better practice, which would not be inconsistent with Palma, would be to litigate the issue of entitlement contemporaneously with the issue of the reasonableness of the fees. In such a situation, any attorney's fees incurred may be awardable under 627.428 because they were expended in determining entitlement to "a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had." See section 627.428(1), Florida Statutes. Moreover, Federal courts have held that, depending on the particular facts being disputed in the determination of the amount of attorney's fees in a given case, a court may rely upon written filings by the parties without the need for an evidentiary hearing. See In re Holywell Corp., 967 F.2d 568, 571 (11th Cir.1992) (citing Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1304 (11th Cir.1988)). Submitting fee expert affidavits and allowing a court to determine the reasonableness of the fees would obviate the need for a potentially costly hearing on the issue of fees. By litigating the amount of reasonable attorneys' fees contemporaneously with the issue of entitlement or, alternatively, by deciding the reasonableness of fees upon written filings, parties may avoid the need to carve out distinct attorney's fees incurred solely on the reasonableness of fees as occurred in Palma.
LAGOA, J. (concurs).
NOTES
[1] The insurer initially maintained that it was not covered by section 627.428, Florida Statutes, but has abandoned that position.
[2] This court has previously denied "fees for fees" in a number of contexts, but those cases did not involve a claim that Palma should be distinguished where the attorney-client fee agreement provided for "fees for fees." See Cincinnati Equitable Ins. Co. v. Hawit, 933 So.2d 1233 (Fla. 3d DCA 2006) (medical insurance coverage claim); N. Dade Church of God, Inc. v. JM Statewide, Inc., 851 So.2d 194, 196 (Fla. 3d DCA 2003) (mortgage foreclosure action); Allstate Ins. Co. v. Blanco, 791 So.2d 515 (Fla. 3d DCA 2001) (homeowner's insurance claim); Oruga Corp. v. AT & T Wireless of Fla., Inc., 712 So.2d 1141, 1145 (Fla. 3d DCA 1998) (offer of judgment under section 768.79, Florida Statutes); Eisman v. Ross, 664 So.2d 1128, 1129 (Fla. 3d DCA 1995) (award under subsection 57.105(1), Florida Statutes).