DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**UNITED AUTOMOBILE INSURANCE COMPANY,** a Florida corporation,
Appellant,

v.

**ALLIANCE SPINE AND JOINT I, INC.,** a/a/o **SHARON McCARTNEY,**
Appellee.

No. 4D21-3223

[February 15, 2023]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Corey Amanda Cawthon, Judge; L.T. Case No. COSO20-007745.

Michael J. Neimand, House Counsel of United Automobile Insurance Co., Miami, for appellant.

Chad A. Barr of Chad Barr Law, Altamonte Springs, for appellee.

ARTAU, J.

The insurer in this personal injury protection (PIP) benefits case appeals from an adverse final judgment awarding attorney's fees and costs, pursuant to section 627.428, Florida Statutes (2014), to a medical services provider following the insurer's payment of the amounts claimed to be due for care provided to the insured following her involvement in a 2015 car accident. While we affirm the trial court's award of costs, we reverse the portion of the judgment awarding attorney's fees to the provider's counsel after the insurer stipulated to the provider's entitlement to fees.

The insurer paid the provider all disputed benefits pursuant to a confession of judgment which included a stipulation to the provider's "entitlement to reasonable attorney's fees" up to the date of the payment. After the stipulation was filed, the parties litigated the compensability of the provider's counsel's pre-suit work on the case as well as his time spent successfully defending against the insurer's attempt to dispense with the need for experts on the issue of the reasonableness of the amount claimed in fees. The trial court determined that these contested hours were spent

litigating the entitlement to, rather than the amount of, attorney's fees and therefore determined the time compensable in the total fee awarded. We disagree.

"[A]ttorney's fees may properly be awarded under section 627.428 for litigating the issue of entitlement to attorney's fees." *State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 833 (Fla. 1993). Attorney's fees may not be awarded "for litigating the *amount* of attorney's fees" to be awarded because "[t]he language of the statute does not support such a conclusion." *Id.* Moreover, an insurer or surety "relieves itself from further exposure" for attorney's fees, pursuant to section 627.428, "at the point in time that the insurer or surety offers in settlement the full amount which the insured or beneficiary would be entitled to recover from the insurer or surety at the time the offer is made." *Danis Indus. Corp. v. Ground Improvement Techs., Inc.*, 645 So. 2d 420, 422 (Fla. 1994).

Given the insurer's stipulation to the provider's entitlement to attorney's fees in this case, the attorney's fees spent addressing the compensability of the pre-suit work and defending against the insurer's attempt to dispense with the need for experts on the issue of the reasonableness of the amount claimed in fees should not have been included in the fee award because those fees were expended to address the proper amount of a fee award. We therefore reverse that portion of the judgment improperly awarding the provider attorney's fees for litigating the amount to be awarded, affirm the award of costs, and remand for further proceedings consistent with this opinion.

*Affirmed in part, reversed in part, and remanded with instructions.*

MAY and GERBER, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

2